[No. C044387. Third Dist. June 30, 2004.]

EDWARD S. ALAMEIDA, JR., as Director etc., Plaintiff and Appellant, v.
STATE PERSONNEL BOARD, Defendant and Respondent;
NATHAN A. LOMELI, Real Party in Interest and Respondent.

**COUNSEL**

Stephen A. Jennings for Plaintiff and Appellant.

No appearance for Respondent.

Carroll, Burdick & McDonough, Timothy K. Talbot and Stephanie A. Miller for Real Party in Interest.

Benjamin C. Sybesma and Christine Albertine for California Correctional Peace Officers Association as Amicus Curiae on behalf of Real Party in Interest

Silver, Hadden & Silver, Lawrence J. Friedman and William J. Hadden for Peace Officers' Research Association of California Legal Defense Fund as Amicus Curiae on behalf of Real Party in Interest.

## OPINION

**SIMS, J.**—Edward S. Alameida, Jr., as Director of the California Department of Corrections (CDC), appeals from a judgment denying a petition for writ of administrative mandate (Code Civ. Proc., § 1094.5).

CDC sought to dismiss an employee, real party in interest Nathan A. Lomeli, for immorality, discourteous treatment of the public, failure of good behavior, and dishonesty during interviews investigating these charges. (Gov. Code, § 19572.)[1] The State Personnel Board (SPB) ordered CDC to reinstate Lomeli. The trial court rejected CDC's attempt to reverse SPB's decision. On appeal, CDC argues SPB did not have jurisdiction to consider Lomeli's claim of violation of a statute of limitations contained in the Public Safety Officers Procedural Bill of Rights Act (§ 3300 et seq. (the Act)), because the trial court has *exclusive* initial jurisdiction over any such claim under section 3309.5.[2] CDC alternatively argues that, although the statute of limitations may bar disciplinary action against Lomeli for the underlying incidents of immorality, discourteous treatment and failure of good behavior, CDC should be entitled to pursue timely action for Lomeli's alleged dishonesty in denying the underlying charges during investigative interviews.

We shall affirm the judgment.[3]

---

[1] Undesignated statutory references are to the Government Code.

[2] Section 3309.5 provides in part: "(a) It shall be unlawful for any public safety department to deny or refuse to any public safety officer the rights and protections guaranteed to him or her by this chapter. [¶] . . . [¶] (c) *The superior court shall have initial jurisdiction over any proceeding brought by any public safety officer against any public safety department for alleged violations of this chapter.* [¶] (d)(1) In any case where the superior court finds that a public safety department has violated any of the provisions of this chapter, the court shall render appropriate injunctive or other extraordinary relief to remedy the violation and to prevent future violations of a like or similar nature, including, but not limited to, the granting of a temporary restraining order, preliminary, or permanent injunction prohibiting the public safety department from taking any punitive action against the public safety officer. [¶] . . . [¶] (e) In addition [the public safety department is subject to damages and civil penalties for malicious violation of the Act]. . . ." (Italics added.)

[3] SPB has elected not to file a brief in this appeal.

We allowed amicus curiae briefs to be filed in support of Lomeli's position by the California Correctional Peace Officers Association and the Peace Officers Research Association of California Legal Defense Fund.

We grant in part the request for judicial notice filed January 5, 2004, by amicus curiae California Correctional Peace Officers Association. We grant the request for judicial notice as to SPB precedential decisions. (§ 19582.5 [SPB may designate certain of its decisions as precedents].) We deny the request for judicial notice of SPB nonprecedential decisions.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 28, 2002, CDC filed in the trial court a petition for writ of administrative mandamus, alleging as follows:

On December 1, 2000, CDC dismissed Lomeli from his position as correctional officer at a correctional facility in Soledad, for alleged misconduct under section 19572—dishonesty, immorality, discourteous treatment of the public or other employees, and other failure of good behavior during or outside of duty hours, of a nature to cause discredit to the appointing authority or the person's employment. Records attached to the petition reflected the alleged misconduct was that Lomeli allegedly committed sexual offenses in Santa Cruz on September 18, 1998, and lied about them by falsely denying them (the dishonesty charge) in an interview conducted by CDC on July 12, 2000 (after the District Attorney dropped the criminal charges for lack of evidence).

Lomeli opposed the adverse employment action, and an administrative hearing was held. Without reaching the merits, the administrative law judge (ALJ) proposed revocation of the discipline and dismissal of the charges on the ground that the November 15, 2000, Notice of Adverse Action was not timely served within the one-year limitations period of section 3304, subdivision (d), of the Act (as extended by pendency of the criminal case).[4] Despite noting CDC had not challenged jurisdiction, the ALJ determined SPB had jurisdiction over allegations of violations of the Act. Although the November 15, 2000, Notice of Adverse Action was served less than one year after Lomeli's alleged dishonesty in denying the sex offenses during the investigatory interview on July 12, 2000, the ALJ determined the dishonesty charge could not survive as a separate basis for discipline, because it flowed directly from the investigation of the September 1998 sex offenses, and it would defeat the purpose of the Act to allow the employer to circumvent the one-year limitations period by allowing the agency to prove the underlying

---

[4] Section 3304, subdivision (d), provides in part that, except as otherwise provided, "no punitive action, nor denial of promotion on grounds other than merit, shall be undertaken for any act, omission, or other allegation of misconduct if the investigation of the allegation is not completed within one year of the public agency's discovery by a person authorized to initiate an investigation of the allegation of an act, omission, or other misconduct. This one-year limitation period shall apply only if the act, omission, or other misconduct occurred on or after January 1, 1998. In the event that the public agency determines that discipline may be taken, it shall complete its investigation and notify the public safety officer of its proposed disciplinary action within that year, except in any of the following circumstances: [¶] (1) If the act, omission, or other allegation of misconduct is also the subject of a criminal investigation or criminal prosecution, the time during which the criminal investigation or criminal prosecution is pending shall toll the one-year time period."

charges in order to demonstrate the employee was dishonest in denying the charges.

SPB adopted the ALJ's decision in October 2001.[5]

CDC's petition for administrative mandamus alleged SPB's decision was invalid because SPB had no jurisdiction to rule on violations of the Act because section 3309.5 allegedly placed initial jurisdiction in the superior court exclusively. CDC argued in the alternative that, if SPB had jurisdiction, it erred as a matter of law by ruling the notice of adverse action was not timely served as to the sexual assault charges and as to the dishonesty charge.

CDC appeals from the judgment denying the petition for writ of administrative mandamus.

## DISCUSSION

### I.  Standard of Review

■     Where, as here, an appeal from administrative mandamus proceedings presents questions of law, our review is de novo. (*Pollak v. State Personnel Bd.* (2001) 88 Cal.App.4th 1394, 1404 [107 Cal.Rptr.2d 39].)

### II.  Jurisdiction

CDC contends *only the trial court* has initial jurisdiction over claimed violations of the Act, and therefore SPB acted without jurisdiction when it resolved Lomeli's claim that the Act's statute of limitations barred the adverse employment action. We disagree with CDC.

California Constitution, article VII, provides in part that SPB "shall enforce the civil service statutes and, by majority vote of all its members, shall prescribe probationary periods and classifications, adopt other rules authorized by statute, and *review disciplinary actions*." (Cal. Const., art. VII, § 3, italics added.) SPB is "a statewide administrative agency endowed by the Constitution with quasi-judicial powers." (*Larson v. State Personnel Bd.* (1994) 28 Cal.App.4th 265, 273 [33 Cal.Rptr.2d 412]; see also *California Correctional Peace Officers Assn. v. State Personnel Bd.* (1995) 10 Cal.4th 1133, 1152–1153 [43 Cal.Rptr.2d 693, 899 P.2d 79].) "Under its constitutional grant, the Board is empowered to review disciplinary actions and acts

---

[5] In *Lomeli v. Department of Corrections* (2003) 108 Cal.App.4th 788 [134 Cal.Rptr.2d 179], we affirmed Lomeli's right to have CDC comply with SPB's decision despite CDC's intent to pursue judicial review of SPB's decision.

in an adjudicatory capacity. As such, the Board acts much as a trial court would in an ordinary judicial proceeding. Thus, the Board makes factual findings and exercises discretion on matters within its jurisdiction." (*Larson, supra*, 28 Cal.App.4th at p. 273.)

■ Additionally, as a general proposition, a defense based on a statute of limitations or other statutory time limit may, and indeed must, be raised in administrative proceedings, because the failure to raise such a defense at the administrative hearing waives the issue on review of the administrative proceedings. (E.g., *Hooks v. State Personnel Bd.* (1980) 111 Cal.App.3d 572, 578 [168 Cal.Rptr. 822] [in judicial review of SPB decision upholding termination of employee for failure of good behavior, based upon criminal conviction for drug offense, employee was barred from arguing his conviction would be expungeable after lapse of two-year period under Health and Safety Code, because he failed to raise the issue at the SPB hearing]; *Bohn v. Watson* (1954) 130 Cal.App.2d 24, 36–37 [278 P.2d 454] [appellant waived defense of statute of limitations by failing to raise it before the Real Estate Commission in administrative proceeding revoking real estate license].)

As indicated (see fn. 2, *ante*), section 3309.5, subdivision (c), states in part, "The superior court shall have initial jurisdiction over any proceeding brought by any public safety officer against any public safety department for alleged violations of this chapter." We shall reject CDC's argument that this statute deprived SPB of jurisdiction over Lomeli's assertion of the Act's statute of limitations as a defense in the SPB proceedings.

We first observe this statutory provision by its own terms applies only to "proceedings[s] brought by" the employee. Here, CDC served a notice of adverse action which informed Lomeli he could file an answer denying the allegations, in which case an SPB hearing would be held. (§§ 19575,[6] 19578[7]) Lomeli raised the Act in the administrative proceeding via a motion to dismiss CDC's notice of adverse action. We will assume for purposes of this appeal that Lomeli's motion constituted a "proceeding" and that it was "brought by" Lomeli within the meaning of section 3309.5.

We next observe the statute says nothing about "exclusive" jurisdiction. CDC contends section 3309.5's grant of "initial" jurisdiction to the trial court is tantamount to a grant of exclusive jurisdiction. We disagree.

---

[6] Section 19575 provides in part: "(a) The employee has 30 calendar days after the effective date of the adverse action to file with the board a written answer to the notice of adverse action. The answer shall be deemed to be a denial of all of the allegations of the notice of adverse action not expressly admitted and a request for hearing or investigation as provided in this article."

[7] Section 19578 provides generally that "whenever an answer is filed to an adverse action, the board or its authorized representative shall within a reasonable time hold a hearing."

■ Thus, CDC asserts the plain meaning of "initial" is "first" or "at the beginning." According to CDC, logic dictates two bodies cannot both be vested with "first" jurisdiction. However, CDC's premise is flawed, and we see no reason why two bodies cannot both be vested with initial jurisdiction. The Act appears to afford protections to peace officers even before any punitive action is taken by the employer. For example, section 3303 imposes procedural requirements for interrogations "that could lead to punitive action." We see nothing to preclude a peace officer from bringing a court proceeding to assert violations of the Act before being served with a notice of adverse action. Thus, the trial court has "initial" jurisdiction without requiring the employee to wait for punitive action to be taken.[8]

■ Once punitive action is taken, the employee can assert violation of the Act as a defense to discipline in the administrative proceedings, or can seek an adjudication in court. Nothing in the statute suggests otherwise. The word "initial" in section 3309.5 simply deprives the employer of defeating court action by arguing the employee has failed to exhaust administrative remedies.

In *Mounger v. Gates* (1987) 193 Cal.App.3d 1248 [239 Cal.Rptr. 18] (*Mounger*), the trial court sustained a defense demurrer to a section 3309.5 suit filed by a police officer. (193 Cal.App.3d at pp. 1254–1257.) The employer argued that, since the officer had elected to proceed with an administrative remedy, he had to exhaust the administrative remedy before pursuing judicial relief. (*Id.* at p. 1255.) The appellate court reversed the dismissal, holding the officer was not required to exhaust administrative remedies before filing a section 3309.5 proceeding in court, since section 3309.5 gave the court initial jurisdiction. (193 Cal.App.3d at pp. 1254–1256.) The officer could simultaneously pursue both judicial and administrative remedies for violations. (*Id.* at pp. 1256–1257.) *Mounger* indicated the import of "initial" in section 3309.5 is to remove the defense of failure to exhaust administrative remedies in the event the employee elects to go to court with his claim of an Act violation. (193 Cal.App.3d at pp. 1256–1257.) Thus, if an employee chooses to go to court, the employer cannot defeat the request for judicial relief by arguing the employee failed to exhaust administrative remedies. (*Ibid.*) *Mounger* also noted the legislative history of section 3309.5, which said current law required alleged violations to be heard by the administrative agencies first before they were taken to court, but the legislation would allow officers immediate access to the courts without having to pursue administrative remedies. (193 Cal.App.3d at p. 1256.) *Mounger*

---

[8] CDC asserts an employee would have no basis to prove a statute of limitations claim under the Act until after notice of adverse action. However, CDC fails to prove its point. The Act on its face would appear to allow an employee to seek relief before issuance of a notice of adverse action, if, for example, an employer were conducting an investigation of conduct outside the limitations period.

continued that "respondents' contention Mounger waived his right to seek judicial relief pursuant to section 3309.5 when he elected to simultaneously pursue his administrative remedy is meritless. Nothing in section 3309.5 states an officer must elect between seeking administrative relief for a departmental disciplinary action and seeking judicial relief for alleged procedural violations. To conclude as respondents argue would require an officer to forego either his or her contract right to appeal a departmental action or his or her statutory rights to fair procedures under section 3303. We agree with appellants [that] section 3309.5 guarantees immediate judicial attention to alleged violations of the act. We hold officers do not waive their statutory rights under section 3309.5 by choosing to proceed contemporaneously with an administrative appeal of the discipline imposed against them." (*Id.* at p. 1257.)

Lomeli also cites *Zazueta v. County of San Benito* (1995) 38 Cal.App.4th 106 [44 Cal.Rptr.2d 678] (*Zazueta*), which held a public safety officer, who participated in binding arbitration in which the arbitrator denied his motion to suppress evidence on grounds of violations of the Act, could not pursue a section 3309.5 proceeding in court after the arbitrator ruled, because he had waived his rights by participating in binding arbitration. SPB cited *Zazueta* (among other authorities) in concluding it had jurisdiction over claims of violations of the Act.[9] (*McCormick, supra*, SPB Dec. No. 99-1549, 10–13.) However, we do not rely on *Zazueta*, because in *Zazueta* the propriety of the arbitrator's ruling on alleged violations of the Act was assumed. (*Zazueta, supra*, 38 Cal.App.4th at pp. 112–113.)

CDC acknowledges *Mounger, supra*, 193 Cal.App.3d 1248, and *Zazueta, supra*, 38 Cal.App.4th 106, in its opening brief on appeal but fails to confront their adverse impact on CDC's position until the reply brief. This is unfair to the responding party on appeal, and we may disregard new points raised for the first time in a reply brief. (*Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8 [265 Cal.Rptr. 788].)

In any event, CDC's new arguments in the reply brief are without merit. CDC argues *Mounger, supra*, 193 Cal.App.3d 1248, merely stands for the proposition that the plain language of section 3309.5 places initial jurisdiction in the trial court without requiring the officer to exhaust administrative remedies. CDC says everything else in *Mounger* was dictum. We disagree.

CDC then argues the legislative history cited in *Mounger, supra*, 193 Cal.App.3d 1248, actually supports CDC's position, because it reflects a

---

[9] We reach our decision independent of SPB's *In re McCormick* (2003) SPB Dec. No. 99-1549 (*McCormick*), decision, and we therefore need not address what weight, if any, to give to SPB's opinion.

legislative intent to change the previous system whereby alleged violations of the Act had to be heard first by administrative agencies before being taken to court. The "change," in CDC's view, was to *require* claims to be presented in court. We disagree. CDC's conclusion does not follow. Nothing in the cited legislative history, or in *Mounger*, supports CDC's conclusion.

As to *Zazueta, supra*, 38 Cal.App.4th 106, CDC argues it is based on dictum from *Mounger, supra,* 193 Cal.App.3d 1248, and it is distinguishable because it involved binding arbitration. We have seen, however, that *Mounger*'s discussion was not dictum. CDC's point about arbitration being a distinguishing feature makes no sense, because CDC's argument is that jurisdiction lies *only* in the trial court.

Accordingly, we reject CDC's attempt to create an ambiguity in section 3309.5. Nothing in the word "initial" and nothing in the statute suggests exclusivity.

That injunctive relief, as authorized by section 3309.5, subdivision (d) (see fn. 2, *ante*) can be obtained only in court does suggest the employee *must* go to court, rather than use the Act's violation as a *defense* to disciplinary action in administrative proceedings (such that injunctive relief is unnecessary).

■ Even if section 3309.5 could be deemed ambiguous, a statute "should be construed whenever possible so as to preserve its constitutionality. [Citations.]" (*California Correctional Peace Officers Assn. v. State of California* (2000) 82 Cal.App.4th 294, 308.) To hold that section 3309.5 precludes SPB from considering defenses to disciplinary action predicated on violations of the Act would interfere with SPB's constitutional mandate to "enforce the civil service statutes . . . and review disciplinary actions." (Cal. Const., art. VII, § 3.)

CDC quotes extensively from case law for the proposition that the constitutional grant of authority to SPB does not preclude reasonable regulation of procedures by the Legislature. (*California Correctional Peace Officers Assn. v. State Personnel Bd., supra*, 10 Cal.4th at pp. 1138, 1152–1153.) The Supreme Court there construed a statute that required SPB to render decisions within specified time limits after administrative hearings. (*Id.* at pp. 1137–1138.) The statute did not provide a remedy for SPB's failure to comply, but instead provided that if SPB did not render a decision within the time limits, the employee would be deemed to have exhausted all administrative remedies. (*Ibid.*) The Supreme Court held SPB retained jurisdiction over an employee's appeal of adverse employment action, despite SPB's failure to render a decision within statutory time limits, but the statute, by deeming the employee to have exhausted administrative remedies, gave the employee the

option to seek (1) a writ of mandate against SPB to compel SPB to render a decision, or (2) a writ of mandate against the employer to set aside the adverse employment action. The Supreme Court said, "the inclusion of reference to [SPB's] power over employee appeals in the California Constitution was [not] intended to limit the power of the Legislature to prescribe the procedures by which employee appeals were to be resolved. Since the provision exists solely to ensure that the right to appeal to [SPB] exists, a statute which permits the employee to waive that right when [SPB] has failed to comply with the statutory time limit for decision and to seek judicial review of an adverse action is not inconsistent with the present article VII, section 3 of the Constitution." (*Id.* at p. 1153.)

CDC argues section 3309.5 is merely a procedural regulation requiring violations of the Act to be heard in court, following which the case would be returned to SPB for disposition on the merits. CDC argues this interpretation does not tread on SPB's constitutional authority. To the contrary, CDC's own argument demonstrates an interference with SPB's authority, by precluding SPB from acting until it received directions from the trial court. Our state Constitution contemplates that SPB shall be the forum in which civil service disciplinary cases are first adjudicated.

Moreover, the Supreme Court case relied upon by CDC cited *Mounger, supra*, 193 Cal.App.3d 1248 (which, as we have seen *ante*, said an officer could simultaneously pursue judicial and administrative remedies for violations of the Act), as follows: "[T]he Legislature may grant the right to seek judicial review of an administrative action without resort to administrative remedies or may make the judicial and administrative remedies cumulative. (*McKee v. Bell-Carter Olive Co.* (1986) 186 Cal.App.3d 1230, 1240 [231 Cal.Rptr. 304]; *Mounger[, supra,]* 193 Cal.App.3d 1248, 239 Cal.Rptr. 18.)" (*California Correctional Peace Officers Assn. v. State Personnel Bd., supra*, 10 Cal.4th 1133, 1151.)

Thus, the Supreme Court case does not help CDC here.

CDC argues "complex" issues may be raised by the Act that are uniquely within the expertise of the trial court, e.g., contentions grounded upon multiple statutes of limitations or constitutional issues of search and seizure or coerced statements. CDC says this point supports the legislative policy choice to confer exclusive jurisdiction in the trial court. However, CDC fails to show any such legislative policy choice and fails to show SPB is incapable of resolving complex issues. Indeed, SPB has determined in a precedential decision that it has jurisdiction over violations of the Act. (*McCormick, supra,* SPB Dec. No. 99-1549, at pp. 10–13.)

Moreover, CDC's policy argument cannot be used to create an ambiguity in the statute so as to justify consideration of legislative intent. "If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature . . . ." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

■ CDC sets forth a list of cases where the party seeking relief under the Act filed in the superior court. However, CDC does not contend any of these cases considered or decided that the party was *required* to file in superior court. Cases are not authority for propositions not therein considered. (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 620 [71 Cal.Rptr.2d 830, 951 P.2d 399].)

CDC claims *City of Los Angeles v. Superior Court* (1997) 57 Cal.App.4th 1506 [67 Cal.Rptr.2d 775], states in "persuasive dicta" that an ALJ "properly" ruled he lacked jurisdiction to determine whether the Act had been violated. However, CDC merely cites to page 1511 of the case, which stated (in the "Factual and Procedural Summary") that the officer sought to exclude evidence at the administrative hearing on grounds the Act was violated, but "[t]he hearing officer ruled that he lacked jurisdiction to determine whether the evidence should be excluded. Following the procedure specified in section 3309.5, [the officer] petitioned the superior court for relief. The court ultimately issued its order excluding [the] evidence . . . ." (*Id.* at p. 1511.) Nowhere in *City of Los Angeles* does the court say or even imply that the ALJ was correct in ruling he lacked jurisdiction. Cases are not authority for propositions not considered. (*Santisas v. Goodin, supra,* 17 Cal.4th 599, 620.)

CDC cites *Gales v. Superior Court* (1996) 47 Cal.App.4th 1596 [55 Cal.Rptr.2d 460], as a case that assumed the trial court had exclusive jurisdiction, because the court said a section 3309.5 ruling regarding a violation of the Act would be binding on a Code of Civil Procedure section 1094.5 petition for administrative mandamus challenging an administrative decision on the merits of the discipline case. However, CDC fails to cite any authority connecting a binding order with exclusive jurisdiction. As we have just said, cases are not authority for propositions not considered. Moreover, *Gales* is inapposite. There, the officer did not assert during the administrative hearing that his employer violated the Act. He filed a petition for writ of administrative mandamus (Code Civ. Proc., § 1094.5) to challenge the validity of the administrative decision and concurrently filed a section 3309.5 proceeding to enforce his rights under the Act. (*Gales, supra,* 47 Cal.App.4th at pp. 1602–1603.) *Gales* said if the court found a violation of the Act in the section 3309.5 proceeding, such a finding would be binding on the court in the administrative mandamus action. (*Gales, supra,* 47 Cal.App.4th at p. 1603.) Nothing in *Gales* suggests the trial court has *exclusive* jurisdiction over Act violations.

CDC contends the legislative history of section 3309.5 favors CDC's position. However, CDC fails to show any ambiguity in the statute warranting resort to legislative history. (*Day v. City of Fontana* (2001) 25 Cal.4th 268, 272 [105 Cal.Rptr.2d 457, 19 P.3d 1196]; *Lungren v. Deukmejian, supra,* 45 Cal.3d 727, 735.) Even assuming ambiguity, CDC fails to show any legislative history compelling acceptance of its position.

Indeed, CDC cites almost no legislative history of section 3309.5, and nothing helpful to its case. CDC asserts a Senate Judiciary Committee analysis indicated section 3309.5 was added in 1979 because, although the Act contained protections for officers, "*no* procedure [was] specified whereby an aggrieved officer may speedily enforce those rights." (Sen. Com. on Judiciary, Analysis of Assem. Bill No. 1807 (1979–1980 Reg. Sess.), as amended May 17, 1979.) This does not reflect creation of *exclusive* jurisdiction in the court.

CDC argues a 1997 amendment to section 3309.5, changing the court's jurisdiction from alleged violations "of this section" to alleged violations "of this chapter"—an amendment that occurred at the same time the Legislature added a statute of limitations to section 3304—means the limitations issue, as well as other alleged violations of the Act, must be pursued in court. (Stats. 1997, ch. 148, §§ 1–2.) CDC's argument falls short, because it assumes the point it is trying to prove (that "initial" jurisdiction means "exclusive").

CDC cites Witkin for the principle that where a new right and remedy are created by statute, the statutory remedy is exclusive. (3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 7, p. 60.) However, Witkin goes on to say this principle does not apply to foreclose preexisting remedies. (*Id.,* § 8, pp. 61–62.) Here, before the legislation giving "initial jurisdiction" to the court, alleged violations of the Act were heard by the administrative agency. (*Mounger, supra,* 193 Cal.App.3d 1248, 1256 [citing legislative history that before amendment, alleged violations of the Act had to be heard by the administrative agency].) We reject CDC's position that the 1997 addition of a statute of limitations constituted a new remedy beyond the jurisdiction of SPB.

■ Under the heading "The Legislative History of Section 3309.5, Subdivision (b) Favors the Department's Position," CDC presents arguments independent of the legislative history of the statute. We may disregard arguments not properly presented under appropriate headings. (*Heavenly Valley v. El Dorado County Bd. of Equalization* (2000) 84 Cal.App.4th 1323, 1346 [101 Cal.Rptr.2d 591]; Cal. Rules of Court, rule 14(a) [appellate brief must state each point under a separate heading or subheading summarizing the point].) In any event, CDC's arguments are not persuasive.

Thus, CDC cites *Gilliland v. Medical Board* (2001) 89 Cal.App.4th 208 [106 Cal.Rptr.2d 863], which held the State Medical Board did not have authority to impose a monetary sanction on a physician when the plain language of the statute required that remedy to be pursued by the Attorney General in an action in superior court. The statute at issue in that case, former Business and Professions Code section 805, subdivision (h), said the sanction could be imposed "in any action brought by the Attorney General." (*Gilliland, supra*, 89 Cal.App.4th at p. 211.) *Gilliland* observed the Attorney General does not appear as a party in an administrative proceeding, but does appear as a party in a court hearing, and therefore the penalty could be imposed only in a court action. (*Id.* at p. 219.) Thus, *Gilliland* does not help CDC in this case.

CDC argues the trial court erred by treating a claim of a statute of limitations violation differently from other rights afforded by the Act. However, CDC fails to explain this point. We therefore need not consider it. (*In re Marriage of Nichols* (1994) 27 Cal.App.4th 661, 672–673, fn. 3 [33 Cal.Rptr.2d 13] [reviewing court may disregard contentions unsupported by analysis].) We have reviewed the cited pages of the record and discern no grounds for reversal.

■ We conclude section 3309.5 does not make jurisdiction in the trial court exclusive.

### III. *Statute of Limitations*

CDC next contends its notice of adverse action was timely served as to the charge of dishonesty (which constitutes an independent ground for discipline under section 19572). The dishonesty in this case consists of Lomeli's denial of the sexual assault. CDC argues it is entitled to discipline Lomeli for this dishonesty and is entitled to prove the foundational facts of sexual assault in order to prove the dishonesty (though CDC does not dispute its disciplinary action was untimely with respect to the sexual assault itself). We shall conclude CDC fails to show grounds for reversal.

As indicated, SPB concluded the entire disciplinary action was barred by the one-year statute of limitations of section 3304 (see fn. 4, *ante*), which says no punitive action shall be taken "for any act, omission, or other allegation of misconduct if the investigation of the allegation is not completed within one year of the public agency's discovery by a person authorized to initiate an investigation of the allegation of an act, omission, or other misconduct."

CDC cites section 3304, subdivision (g), which provides:

"Notwithstanding the one-year time period specified in subdivision (c), an investigation may be reopened against a public safety officer if both of the following circumstances exist:

"(1) Significant new evidence has been discovered that is likely to affect the outcome of the investigation.

"(2) One of the following conditions exist:

"[¶] . . . [¶]

"(B) The evidence resulted from the public safety officer's predisciplinary response or procedure."

CDC argues Lomeli was charged with dishonesty for having lied on July 12, 2000, in a predisciplinary interview with a CDC investigator when Lomeli denied committing the forcible sexual assault. The notice of adverse action was served only four months later, on November 15, 2000. Therefore, says CDC, its action was timely with regard to the dishonesty charge.

However, CDC fails to explain how the quoted statute, section 3304, subdivision (g)(2)(B), applies. CDC fails to show it "reopened" any investigation. Moreover, the statute speaks of newly discovered evidence. Lomeli's denial of the sexual assault was not evidence of the sexual assault. Nor was the denial newly discovered evidence of dishonesty.

CDC cites SPB precedential decision, *In re Welch* (1992) SPB Decision No. 92-03, at page 10, for the proposition that dishonesty is a separate charge. CDC does not discuss the facts of *Welch* or show how it applies here, and we therefore need not consider it.

CDC says there are no published California cases, but federal courts have held that, in perjury prosecutions for lying about the commission of crimes, the government may prove the foundational facts of the crimes themselves even though the statute of limitations barred prosecution of the old crimes, but not the perjury. (*U.S. v. Picketts* (7th Cir. 1981) 655 F.2d 837; *U.S. v. Reed* (8th Cir. 1981) 647 F.2d 849; *U.S. v. Koonce* (8th Cir. 1973) 485 F.2d 374.)

However, federal case law is not binding on this court. (*Alicia T. v. County of Los Angeles* (1990) 222 Cal.App.3d 869, 879 [271 Cal.Rptr. 513].) While federal cases may be in some circumstances persuasive and entitled to weight (*Irwin v. City of Hemet* (1994) 22 Cal.App.4th 507, 520–521, fn. 8

[27 Cal.Rptr.2d 433]), it is CDC's burden as appellant to demonstrate those circumstances. Here, CDC fails to do so.

The cited federal cases are distinguishable because they involved perjury prosecutions based on voluntary statements made to grand juries. (E.g., *U.S. v. Picketts, supra*, 655 F.2d at p. 842 [defendant could have invoked Fifth Amendment right not to testify, but chose not to do so].) In contrast, peace officers in interrogations under the Act do not have the right to remain silent. Thus, "an officer refusing to respond to questions or submit to interrogations shall be informed that failure to answer questions directly related to the investigation or interrogation may result in punitive action." (§ 3303, subd. (e).) Statements made by the officer during the interrogation may be used in disciplinary actions against the officer. (§ 3303, subd. (f)(1).) "As a matter of constitutional law, it is well established that a public employee has no absolute right to refuse to answer potentially incriminating questions posed by his employer. Instead, his self-incrimination rights are deemed adequately protected by precluding any use of his statements at a subsequent criminal proceeding. [Citations.]" (*Lybarger v. City of Los Angeles* (1985) 40 Cal.3d 822, 827 [221 Cal.Rptr. 529, 710 P.2d 329].) "[A]lthough the officer under investigation is not compelled to respond to potentially incriminating questions, and his refusal to speak cannot be used against him *in a criminal proceeding*, nevertheless such refusal may be deemed insubordination leading to punitive action by his employer." (*Id.* at p. 828.)

CDC argues this distinction between coerced and voluntary statements (upon which the trial court relied) makes no difference. We disagree. It is unseemly to force a person to answer an allegation of misconduct and then punish him for denying the allegation.[10] We agree with the ALJ and the trial court that the denial in these circumstances does not constitute separate actionable misconduct but in effect merges with or is derivative of the alleged underlying misconduct. As phrased by the ALJ, the dishonesty charge flows directly from the investigation of the assault. To allow the dishonesty charge to survive would defeat the purpose of the limitations period, which is to ensure that conduct that could result in discipline should be adjudicated when memories are fresh. To allow the employer to prove the underlying charges in order to demonstrate that an employee was dishonest in denying the underlying charges would defeat the purpose of the Act, which reflects the Legislature's declaration that "effective law enforcement depends upon the maintenance of stable employer-employee relations, between public safety employees and their employers. In order to assure that stable relations are continued throughout the state and to further assure that effective services

---

[10] We specify (as did the ALJ) that the only dishonesty at issue is denial of the underlying charged misconduct. We have no need to address other forms of dishonesty.

are provided to all people of the state, it is necessary that this chapter be applicable to all public safety officers . . . ." (§ 3301.) As stated by one appellate court, the Act is "primarily a labor relations statute. It provides a catalog of basic rights and protections that must be afforded all peace officers by the public entities which employ them." (*California Correctional Peace Officers Assn. v. State of California, supra*, 82 Cal.App.4th 294, 304.) One such protection is to have a speedy adjudication of conduct that could result in discipline.

■ We conclude alleged dishonesty in denying an underlying charge does not start a new limitations period for discipline of peace officers under the Act.

We conclude CDC fails to show grounds for reversal of the judgment.

## DISPOSITION

The judgment is affirmed. Lomeli shall recover his costs on appeal. (Cal. Rules of Court, rule 27(a).)

Scotland, P. J., and Davis, J., concurred.