[No. B210821. Second Dist., Div. Five. June 24, 2009.]

JAMES CRAWFORD, Plaintiff and Respondent, v.
CITY OF LOS ANGELES et al., Defendants and Appellants.

**COUNSEL**

Rockard J. Delgadillo, City Attorney, Claudia McGee Henry, Sr., Assistant City Attorney, and Gerald M. Sato, Deputy City Attorney, for Defendants and Appellants.

Diane Marchant for Plaintiff and Respondent.

**OPINION**

**KRIEGLER, J.**—This appeal concerns application of the one-year statute of limitations contained in the Public Safety Officers Procedural Bill of Rights Act (Gov. Code, § 3300 et seq.).[1] James Crawford was a detective in the Los Angeles Police Department (Department). Having been accused of nine counts of misconduct, Crawford's employment was terminated after an administrative hearing and an adverse decision by the Department's Board of Rights, which found him guilty of six counts of misconduct. Crawford brought a petition for peremptory writ of mandate under Code of Civil Procedure section 1094.5 against the City of Los Angeles and the chief of police (collectively the City), challenging the guilty findings and seeking reinstatement and backpay. The trial court granted the petition in part, finding Crawford could not be punished for five of the six acts of misconduct because the City did not complete its investigation of wrongdoing and notify Crawford within a year, as required by POBRA (§ 3304, subd. (d)). The court did not have occasion to consider Crawford's claim that the Department's misconduct findings were not supported by the administrative record.

In its timely appeal, the City contends the uncontested evidence at the administrative hearing shows the trial court erred in ruling that counts 4 through 6 of the administrative charges were barred by the statute of limitations. We agree with the City that as to counts 4 and 5 the court made a mathematical error and those charges were not time-barred. We also hold that count 6 (alleging a false statement during an investigation) is not time-barred, as the factual scenario in this case differs from that in *Alameida v. State Personnel Bd.* (2004) 120 Cal.App.4th 46, 63 [15 Cal.Rptr.3d 383] (*Alameida*), which held that "dishonesty in denying an underlying charge does not start a new limitations period for discipline of peace officers under [POBRA]." Accordingly, the court's decision as to counts 4 through 6 is reversed and the matter is remanded for the court to consider those counts on their merits.

---

[1] The statute is commonly referred to as the Peace Officers Bill of Rights Act or POBRA. (*Mays v. City of Los Angeles* (2008) 43 Cal.4th 313, 317, fn. 1 [74 Cal.Rptr.3d 891, 180 P.3d 935] (*Mays*).) All further statutory references are to the Government Code unless indicated otherwise.

## BACKGROUND

According to Crawford's verified writ petition, on May 3, 2006, the Department served him with a complaint that charged him with six counts of misconduct, pending a hearing by the Board of Rights. Count 1 alleged that on September 14, 2004, he inappropriately identified himself as a Los Angeles police detective while he was off duty. Count 2 alleged that between September 14 and October 12, 2004, he engaged in outside employment without a valid work permit. Counts 3 through 5 alleged that on October 23, 2003, July 14, 2004,[2] and January 13, 2005, Crawford accessed the Department's computer system for non-duty-related activities while on duty. Count 6 alleged that on November 17, 2005, he made false statements to Sergeants M. von Korff and D. DiMeglio, who were conducting an official investigation. After a multiday hearing in which evidence was presented by both parties, the Board of Rights found Crawford guilty of counts 1, 2, and 4 through 6,[3] and fixed his penalty as termination of employment with full loss of pay. The police chief executed an order to that effect on March 14, 2007.

Crawford's writ petition was filed in the superior court on June 4, 2007. In support of his petition, Crawford argued (as he did to the Board of Rights) that all of the charges were barred by the one-year limitations period set forth in section 3304, subdivision (d), and the parallel provision of the City charter. He also contended the Board of Rights's findings of guilt were not supported by the evidence adduced at the administrative hearing. The trial court admitted in evidence all nine volumes of the administrative record made in connection with Crawford's Board of Rights's hearing. It found the Department failed to comply with POBRA's one-year limitations period (§ 3304, subd. (d))[4] with regard to five (1, 2 & 4–6) of the six counts of misconduct.

Based upon its independent review of the administrative record, the trial court found Crawford's misconduct was first reported to a Department supervisor on October 5, 2004. Crawford received notice of the charges against him on May 4, 2006. As such, 576 days elapsed between the two events. The court also found the statutory period was tolled from May 17,

---

[2] The parties agreed count 4 pertained to misconduct allegedly occurring on July 14, 2004, rather than the date erroneously set forth in the charging document.

[3] The Board of Rights also found Crawford not guilty of count 3 and guilty of two additional counts raised in a second complaint, neither of which is at issue in this appeal.

[4] Section 3304, subdivision (d) provides: " '[N]o punitive action' may be imposed upon any public safety officer for alleged misconduct unless the public agency investigating the allegations 'complete[s] its investigation and notif[ies] the public safety officer of its proposed disciplinary action' within one year of discovering the alleged misconduct." (*Mays, supra,* 43 Cal.4th at p. 317, quoting § 3304, subd. (d).)

2005, until November 16, 2005, while the charges were the subject of a pending criminal investigation, which resulted in a period of 183 days— leaving the Department one month outside the one-year limitations period. In so finding, the court rejected as unsupported by the weight of evidence the City's argument that the statutory tolling began on January 12, 2005. The court found only one action of misconduct was brought within the limitations period—count 7 (directing a civilian employee to access the Department's computer system to conduct non-duty-related activities). Accordingly, the court granted the petition as to all counts except count 7 and ordered the Department to determine the appropriate discipline to be imposed on Crawford with regard to the guilty finding on that count.

## DISCUSSION

"The trial court applies its independent judgment to the department's administrative decision, but with a strong presumption the department acted properly. (Code Civ. Proc., § 1094.5, subd. (c); *Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 812, 817 [85 Cal.Rptr.2d 696, 977 P.2d 693].) We review the trial court's factual findings for substantial evidence. [Citation.] We independently review the court's legal findings." (*Chrisman v. City of Los Angeles* (2007) 155 Cal.App.4th 29, 33 [65 Cal.Rptr.3d 701] (*Chrisman*).) "Section 3304 provides a number of procedural rights for public safety officers who may be accused of misconduct in the course of their employment. Subdivision (d), providing for a limitations period, states in pertinent part: 'Except [as otherwise provided,] no punitive action, nor denial of promotion on grounds other than merit, shall be undertaken for any act, omission, or other allegation of misconduct if the investigation of the allegation is not completed within one year of the public agency's discovery . . . of an act, omission, or other misconduct. . . .' "[5] (*Mays, supra,* 43 Cal.4th at p. 320, quoting § 3304, subd. (d).)

The City contends that under the trial court's finding as to the appropriate amount of tolling—183 days from May 17, 2005, to November 16, 2005— the court erred in finding counts 4 through 6 time-barred because it was undisputed that the discovery date for counts 4 and 5 was March 1, 2005, and the discovery date for count 6 was November 17, 2005. That is, the court's determination that those counts were barred by the one-year limitations period was a mere oversight or computational error. Our independent review

---

[5] The City charter analogously tolls the limitations period " '[i]f the act, omission, or allegation of misconduct is also the subject of a criminal investigation or criminal prosecution . . . .' " (*Lucio v. City of Los Angeles* (2008) 169 Cal.App.4th 793, 799 [86 Cal.Rptr.3d 833].)

of the trial court's findings and the administrative record confirms the City's contention. The facts supporting the misconduct charges in counts 4 and 5 (misuse of the Department's computer system) were discovered during a March 1, 2005 internal audit. Crawford does not argue otherwise. The factual basis for count 6 (alleged false statements during an internal departmental investigation) was discovered during the course of the November 17, 2005 interview. As it is undisputed that Crawford received notice of all charges against him on May 4, 2006, application of the court's 183 days of tolling brings counts 4 and 5 within POBRA's one-year period. Count 6 is within the statutory period without tolling.

Crawford does not dispute the discovery dates or the merits of the City's argument. Rather, he asserts the City forfeited its contention by failing to properly designate the transcript of the administrative record as part of the appellate record in accord with rule 8.123(b) of the California Rules of Court. We disagree.

The complete administrative record was admitted in evidence below. At the hearing's conclusion, the trial court ordered it returned forthwith to Crawford "to be forwarded to the Court of Appeal in the event of appeal." The City gave notice to Crawford and lodged a certified copy of the complete administrative record with this court on April 3, 2009. Crawford filed an objection to the lodging, asserting the City violated rules 8.120 and 8.123 of the California Rules of Court[6] by failing to designate the administrative record as part of the record on appeal so that the superior court could transmit the original administrative record to this court. In response, the City argued that rule 8.123 does not set forth the exclusive manner in which an administrative record may be made part of the record on appeal, and that the manner in which it proceeded was in keeping with commonly accepted practice.

While it is true that the City did not designate the administrative record as part of the record on appeal as contemplated by rules 8.120 and 8.123 of the

---

[6] "If an appellant intends to raise any issue that requires consideration of the record of an administrative proceeding that was admitted in evidence, refused, or lodged in the superior court, the record on appeal must include that administrative record, transmitted under rule 8.123." (Cal. Rules of Court, rule 8.120(a)(2).) Similarly, "[i]f an appellant intends to raise any issue that requires consideration of the record of an administrative proceeding that was admitted in evidence, refused, or lodged in the superior court, the notice must also request that this administrative record be transmitted to the reviewing court under rule 8.123." (Cal. Rules of Court, rule 8.121(b)(2).) "An appellant's notice designating the record on appeal under rule 8.121 that requests a record of an administrative proceeding be transmitted to the reviewing court must identify the administrative record by the title and date or dates of the administrative proceedings." (Cal. Rules of Court, rule 8.123(b)(1).)

California Rules of Court, such a technical defalcation under the facts of this case is hardly the equivalent of failing to provide this court with a complete record, as Crawford asserts. The City followed the accepted local practice in this district and lodged the administrative record in a reasonable, cost-effective manner, and Crawford certainly suffered no prejudice. He does not assert the lodged records are incomplete or inaccurate. The portions of the record on which the City relies on appeal were portions cited by the parties during the writ proceedings in connection with the issues now raised on appeal. Crawford does not contend otherwise, nor can he make a reasonable claim of unfair surprise.

As an alternative basis for upholding the trial court's judgment as to counts 4 and 5, Crawford argues that there could have been no tolling of those counts because the activity under investigation was not criminal. Crawford relies on *Chrisman, supra*, 155 Cal.App.4th 29, as authority for his contention. As we explain, his reliance is misplaced. The *Chrisman* court did not construe section 3304 or the analogous provision under the city charter because the officer had forfeited his statute of limitations argument under those provisions. Moreover, the *Chrisman* court did not address the issue of tolling where the alleged misconduct was subject to a criminal investigation. (155 Cal.App.4th at p. 42.) The question posed in *Chrisman* was which of two different limitations periods applied—the three-year limitations for bringing claims for officer misconduct punishable as a crime or the two-year period for administrative violations that did not rise to the level of crimes. (*Id.* at pp. 32–33.) Therefore, in holding that the two-year period applied because the officer's misuse of the Department's computer system did not rise to the level of a violation of Penal Code section 502,[7] the *Chrisman* court had no occasion to consider the question of whether an investigation into such misconduct amounted to a "criminal investigation" for purposes of tolling. The question of what constitutes a criminal investigation logically focuses on whether the conduct at issue is potentially criminal, not whether the resulting charges amount to crimes.

In contrast, as the City points out, a recent decision by our colleagues in Division Three does address the question here at issue. In *Lucio v. City of Los Angeles, supra*, 169 Cal.App.4th 793 (*Lucio*), the appellate court held the city charter's criminal investigation tolling provision "applies with equal

---

[7] Penal Code section 502, subdivision (c)(1), punishes a person for a variety of types of misconduct involving the unauthorized access of computer systems, including a person who "[k]nowingly accesses and without permission alters, damages, deletes, destroys, or otherwise uses any . . . computer system . . . in order to either (A) devise or execute any scheme or artifice to defraud, deceive, or extort, or (B) wrongfully control or obtain money, property, or data."

force" to the acts and the allegations of noncriminal misconduct, which are also the subject of the criminal investigation. (*Id.* at p. 802.) In so holding, the court rejected the argument that, where an investigation encompassed both criminal and noncriminal misconduct, the criminal investigation tolling provision applied only to criminal misconduct. The *Lucio* court found support in *Parra v. City and County of San Francisco* (2006) 144 Cal.App.4th 977 [50 Cal.Rptr.3d 822] (*Parra*), which reached the same conclusion with regard to section 3304, subdivision (d)(1)'s tolling provision. "[I]n *Parra*, noncriminal disciplinary charges, such as 'discredit for making improper comments during a pending investigation' and 'neglect of duty for failing to conduct a prompt and proper investigation' against the police officers who had been criminally investigated for possible misconduct, were tolled for the duration of the criminal investigation." (*Lucio, supra*, 169 Cal.App.4th at p. 802.)

Finally, Crawford argues count 6 is barred under the rule of *Alameida, supra*, 120 Cal.App.4th at page 63, that "dishonesty in denying an underlying charge does not start a new limitations period for discipline of peace officers under [POBRA]." The City contends, on the other hand, that *Alameida* was incorrectly decided and, in any event, is distinguishable from the facts in this case. From our review of the administrative record, it is apparent that the false statements the Board of Rights found in support of count 6 were denials of the acts of misconduct it found in count 2.

We need not address the City's argument that *Alameida* was incorrectly decided, because the timing of the investigation in this case differs in a material way from that in *Alameida*. In *Alameida*, a correctional officer was alleged to have committed sexual offenses in September 1998, and he was accused by the Department of Corrections of lying about that allegation in July 2000 after a criminal investigation was dropped due to insufficient evidence. The correctional officer was dismissed from employment in December 2000, within POBRA's one-year statute of limitations as to the false statement allegation, but beyond the statute of limitations as to the sexual offense allegation.

*Alameida* considered the propriety of basing the officer's termination on false statements about the sexual offense, which itself was time-barred, and concluded it is impermissible to do so. "To allow the dishonesty charge to survive would defeat the purpose of the limitations period, which is to ensure that conduct that could result in discipline should be adjudicated when memories are fresh. To allow the employer to prove the underlying charges in order to demonstrate that an employee was dishonest in denying the underlying charges would defeat the purpose of [POBRA], which reflects the Legislature's declaration that 'effective law enforcement depends upon the

maintenance of stable employer-employee relations, between public safety employees and their employers. . . .' (§ 3301.) As stated by one appellate court, [POBRA] is 'primarily a labor relations statute. It provides a catalog of basic rights and protections that must be afforded all peace officers by the public entities which employ them.' [Citation.] One such protection is to have a speedy adjudication of conduct that could result in discipline." (*Alameida, supra,* 120 Cal.App.4th at pp. 62–63.)

The City points out that unlike the situation in *Alameida,* Crawford's false statements, which were the basis for the charge in count 6, were made *before* the one-year statute of limitations expired as to the charge in count 2, taking into account the trial court's finding on tolling. The City argues that applying *Alameida* to these facts would usurp the City's right to fix its own terms of conduct for employees. We agree.

■  The trial court found that Crawford's "misconduct was first reported to a supervisor of the LAPD on October 5, 2004." However, the court ruled that the one-year statute of limitations was tolled for 183 days between May 17 and November 16, 2005. Given the tolling, the statute of limitations on count 2 had not expired as of November 17, 2005, when Crawford made his false statements. Under this scenario, there is no danger that the City used the false statement to resuscitate a charge that was time-barred. Although Crawford was not notified of the City's intended discipline until May 4, 2006, beyond the statute of limitations as to count 2, the fact remains that it was a viable charge at the time of Crawford's false statements. As a result, the *Alameida* court's prohibition against reviving an already expired charge by questioning the officer about it is not present in this case.

■  There is also a sound policy reason for not extending *Alameida* to the factual scenario in this case. False statements by an officer during the course of an investigation can result in a delay in the investigation and a resulting statute of limitations violation as to the underlying conduct. The City has the power to determine the causes for which an employee may be terminated from employment, provided POBRA's applicable statute of limitations is satisfied. (*Jackson v. City of Los Angeles* (2003) 111 Cal.App.4th 899, 909 [4 Cal.Rptr.3d 325].) Termination based upon a false statement by a peace officer is indisputably within the City's power. An extension of *Alameida* to the scenario presented here, in which the false statement is alleged to have been made before expiration of the statute of limitations on the underlying conduct, would deprive the City of the power to discipline an employee for making false statements during an investigation.

## DISPOSITION

The judgment is reversed as to the dismissal of counts 4 through 6 as being barred by POBRA's one-year statute of limitations (§ 3304, subd. (d)), and the matter is remanded to the trial court to determine whether those claims are supported by the administrative record. Parties shall bear their own costs on appeal.

Turner, P. J., and Amstrong, J., concurred.

A petition for a rehearing was denied July 15, 2009.