Filed 11/20/24  Oggel v. Cal. Dept. of Fish and Wildlife CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| GRANT J. OGGEL, <br><br>    Plaintiff and Appellant, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE, <br><br>    Real Party in Interest and Respondent. | 2d Civil No. B331264 <br> (Super. Ct. No. 56-2019-00525114-CU-WM-VTA) <br> (Ventura County) |

The question presented here is whether the Department of Fish and Wildlife (the Department) owes backpay and other compensation to appellant Grant J. Oggel, a former game warden who was suspended from his position for disciplinary reasons, then medically demoted and then terminated after he failed to report to work at the new, demoted position.  While his appeal to the California State Personnel Board (SPB) regarding the disciplinary action was pending, appellant pursued a worker's compensation claim.  The worker's

compensation claim resulted in a monetary award and in work restrictions that the Department concluded would prevent appellant from performing his duties as a game warden. The Department medically demoted appellant to an office technician position at a location more than 80 miles from appellant's home. Between the end of appellant's disciplinary suspension and the date of his medical demotion, the Department paid appellant $301,000 in backpay and other compensation. Appellant never reported for work at the demoted position or at his former workplace.

The SPB found that the Department did not present sufficient evidence to support the medical demotion. It further found, however, that appellant was not entitled to additional compensation because he did not report for work after the medical demotion. The superior court agreed, and on that basis denied appellant's petition for writ of mandate. We affirm.

*Facts*

Appellant's dispute with the Department stretches back to 2007. He had been employed as a game warden in the Camarillo office for about four years when the Department found that appellant committed several forms of misconduct while operating a personal side business.[1] It terminated appellant's employment in August 2007.

Appellant appealed his termination to the SPB. In December 2010, the SPB dismissed the charge of dishonesty after

---

[1] Appellant sold used medical equipment on eBay, using his state-issued computer and cell phone. In communications with a disgruntled customer, appellant denied being a game warden. The customer reported this conduct to the Department, prompting it to investigate appellant's conduct.

concluding that appellant's false statements had no connection with his employment. However, the SPB also found that the remaining charges for neglect of duty, misuse of state property, discourteous treatment of the public and other failure of good behavior had been established. The SPB found appellant's serious misconduct merited discipline, but that the penalty of termination was too harsh. Instead, it concluded, "a 24-month suspension is adequate and reasonable for the proven misconduct . . . ." The SPB further ordered the Department to pay appellant all back pay and benefits that would have accrued to him.

While the SPB appeal was pending, appellant filed a claim for worker's compensation benefits, alleging both physical and psychiatric work-related injuries. This proceeding resulted in a monetary award and in work restrictions that precluded appellant from "heavy lifting and carrying," lifting over 45 pounds, "prolonged positioning or repetitive rotation of the neck," and "very prolonged sitting." The work restrictions also included "a preclusion against emotionally stressful work situations," "wearing a uniform during the performance of his job," and working in a "hostile work environment." Appellant's work restrictions have not been lifted by his treating physicians.

Appellant requested accommodations that would allow him to return to work. The Department informed him that it would require a medical opinion clarifying the job duties he would be able to perform without accommodation and providing guidance on his reasonable accommodation requirements. In other communications, the Department presented appellant with options to return to work in other, non-law enforcement positions.

Appellant did not supply any clarification of his work restrictions or accept any of the alternative positions offered. Instead, in June 2013, he filed a claim with the SPB for backpay.

In January 2014, the Department served appellant with a Notice of Medical Action (NOMA), notifying him that he had been demoted from his position as a game warden for medical reasons and transferred to a position as an Office Technician at an office in Ontario, California. Appellant was directed to report for work in Ontario in February 2014. He did not report for work in Ontario, or at his previous work location. The Department later terminated appellant's employment for being absent without leave (AWOL). (Gov. Code, § 19996.2, subd. (a).)[2]

Appellant filed another appeal with the SPB, challenging the medical demotion. That matter and his 2013 claim for backpay were consolidated and scheduled for evidentiary hearing in July 2014. Before the hearing, the parties entered into a settlement agreement. The Department agreed to withdraw the AWOL termination, to pay backpay and other damages, and to make contributions to appellant's retirement account. Appellant agreed to voluntarily resign from the Department and to release all of his other claims.

The Department later notified appellant that it could not fulfill its obligations under the settlement agreement because the California Personnel Retirement Board (CalPERS) refused to accept contributions made on appellant's behalf. CalPERS explained that appellant was not entitled to accrue additional service credit because he never reported back to work after his

---

[2] All statutory references are to the Government Code unless otherwise stated.

4

suspension ended and before the order that he return to work after the medical demotion.

Appellant obtained a judgment rescinding the settlement agreement and related SPB order on the grounds of mutual mistake. His claim for backpay and his appeal of the medical demotion were revived. At some point after his AWOL termination, the Department paid appellant $301,000 representing backpay for the period between the end of his disciplinary suspension and the date he was ordered to return to work.

After hearings in 2018, the SPB concluded that the Department did not present sufficient evidence at the hearing to support the medical demotion. It concluded, however, that appellant was not entitled to additional backpay. Fifty-four months elapsed between the date his disciplinary suspension ended and the date of his medical demotion. However, the Department had already paid appellant sixty-three months' of backpay. Relying on a previous SPB decision, *In the Matter of the Appeal by Dianna Henning* (2005) SPB Dec. No. 05-01 [2005 WL 516182] (*Henning*), the SPB found that appellant was not entitled to additional backpay because he never reported for work at the new location.

Appellant filed a petition for writ of mandate in the superior court. He contended the *Henning* decision was distinguishable because the employee in that case had not been demoted to a job in a remote location. By contrast, it would have been impossible or unreasonable for appellant to report to his new work assignment because it required a commute of over eighty miles each way. Appellant contended he was at least

5

entitled to recover the difference in pay between his former job and the one to which he had been demoted.

The trial court disagreed.  Finding *Henning* persuasive, the trial court concluded appellant was required to report for work at the new assignment until the SPB decided his appeal.  Because he did not, the Department properly terminated his employment for being absent without leave and he was not entitled to recover additional backpay.

*Contentions*

Appellant contends the trial court, and the SPB, erred in denying his claim for backpay because *Henning* is not binding precedent and because it is distinguishable.  Unlike the claimant in *Henning,* the long commute from his home to the new work location made it impossible or impractical for him to report to the new assignment.  Appellant contends he also was not obligated to report to the new location because, as the SPB found, the medical demotion was improper.

*Standard of Review*

The California Constitution establishes the SPB and gives it quasi-judicial powers to "enforce the civil service statutes and . . . review disciplinary actions."  (Cal. Const., art. VII, § 3, subd. (a); *Alameida v. State Personnel Board* (2004) 120 Cal.App.4th 46, 52-53 (*Alameida*).)  Its decisions may be reviewed through a petition for writ of administrative mandate.  (*Barber v. State Personnel Board* (2019) 35 Cal.App.5th 500, 510.)  This requires both the trial court and this court to determine whether the SPB has prejudicially abused its discretion.  "Abuse of discretion is established if the [SPB] has not proceeded in the manner required by law, the order or decision is not supported by

the findings, or the findings are not supported by the evidence." (Code Civ. Proc., § 1094.5, subd. (b).)

In determining whether findings are supported by evidence, we apply the substantial evidence test. (*Coleman v. Department of Personnel Administration* (1991) 52 Cal.3d 1102, 1125 (*Coleman*); *Valenzuela v. State Personnel Board* (2007) 153 Cal.App.4th 1179, 1184.) This requires us, like the trial court, to view the evidence before the SPB in the light most favorable to its order and to resolve all conflicts and draw all reasonable inferences in support of the order. (*Pollak v. State Personnel Board* (2001) 88 Cal.App.4th 1394, 1403-1404; *Valenzuela, supra*, at pp. 1184-1185.)

*Discussion*

The Government Code allows the Department to demote or transfer an employee if it concludes, after considering medical examinations and other information that, "the employee is unable to perform the work of his or her present position, but is able to perform the work of another position . . . ." (§ 19253.5, subd. (c).) The employee may appeal this medical demotion to the SPB, which is authorized to "sustain, disapprove, or modify" the demotion or termination. (*Id.*, subd. (f).) If the SPB revokes or modifies a demotion, it "shall direct the payment of salary to the employee calculated on the same basis and using the same standards as provided in Section 19584." (*Id.*, subd. (g).)

Section 19584 requires the SPB to direct that a reinstated employee be paid salary and benefits "that otherwise would have normally accrued." Crucially, however, the statute also provides, "Salary shall not be authorized or paid for any portion of a period of adverse action that the employee was not ready, able, and willing to perform the duties of his or her

7

position, whether the adverse action is valid or not or the causes on which it is based state facts sufficient to constitute cause for discipline." (*Ibid.*)

Here, substantial evidence in the administrative record establishes, as both the SPB and the trial court found, that appellant did not report for work after his medical demotion, as directed by the Department. He also did not report to his prior work assignment or communicate to the Department that he was capable of performing the duties of his prior assignment without medical or other work restrictions. Section 19584 precludes an award of backpay under these circumstances because appellant was not "ready, able, and willing to perform the duties of his or her position . . . ." (*Ibid.*)

*Henning* is consistent with this result, although it is not controlling authority. (*Chaplin v. State Personnel Board* (2020) 54 Cal.App.5th 1104, 1114 [SPB "'precedents are not binding on this court'"], quoting *California Department of Corrections v. State Personnel Board* (2004) 121 Cal.App.4th 1601, 1618.) There, the SPB held that an employee who refused to report to work while appealing a medical demotion "was obligated to report for work in the position to which she was medically demoted . . . until such time as the [SPB] rules that such a reassignment was improper." (*Henning*, *supra*, SPB Dec. No. 05-01, at p. 15].) Relying on section 19584, the SPB further held the employee was not entitled to recover back pay for a period of time during which she was fully disabled from all work because she was not "ready, able, and willing" to perform her job duties during that time. (*Ibid.*)

Appellant contends *Henning* is distinguishable because the employee in that case did not present evidence that it

8

would have been "impossible or impractical" for her to report to work at her new assignment. He contends he should not be expected to report to the demoted assignment because the commute was so long and would have required him to sit in a car for a prolonged period. In the alternative, appellant contends he is entitled to recover the differential in pay between his original job and the demoted position. We are not persuaded.

First, appellant has forfeited this contention because he did not raise it with the SPB. Appellant's arguments at the administrative level did not include the claim that reporting for work at the new, demoted assignment would have been impossible or unreasonable. As a consequence, the SPB did not consider whether sections 19253.5 and 19584 incorporate an impossibility defense. "[I]ssues not presented at an administrative hearing cannot be raised on review." (*Niles Freeman Equipment v. Joseph* (2008) 161 Cal.App.4th 765, 787; see also *Alameida, supra,* 120 Cal.App.4th at pp. 52-53.)

Second, even if not forfeited, we would reject the contention. Unlike the employee at issue in *Henning*, the Department separated appellant from his employment because he was absent without leave for more than five consecutive working days. As provided by section 19996.2, subdivision (a), the Department treated appellant's absence as "an automatic resignation from state service . . . ." (*Ibid*.)

An employee who is the subject of an AWOL termination may request reinstatement. Even if reinstated, however, the employee "shall not be paid salary for the period of his or her absence . . . ." (§ 19996.2, subd. (a); *see also Coleman, supra,* 52 Cal.3d at p. 1111 [reinstated employee "is not entitled to any salary 'for the period of his or her absence or separation or

9

for any portion thereof"].) Because appellant was separated from employment due to his unauthorized absence and was not reinstated, he is not entitled to any salary associated with the demoted position.

## *Conclusion*

The order denying the petition for writ of mandate is affirmed. The Department shall recover its costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

10

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Skiermont Derby and Paul B. Derby, Mane Sardaryan, for Plaintiff and Appellant.

Rob Bonta, Attorney General, Chris A. Knudsen, Senior Assistant Attorney General, Michael D. Gowe, Supervising Deputy Attorney General, Darren Shaffer, Deputy Attorney General, for Real Party in Interest and Respondent.