[EDITORS' NOTE: THIS OPINION IS DEPUBLISHED UPON GRANTING OF PETITION FOR REVIEW. THE OPINION APPEARS BELOW WITH A GRAY BACKGROUND.]
* Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III.C.
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 934 
OPINION
 I. INTRODUCTION John Mays, a police sergeant, appeals a judgment denying his Code of Civil Procedure section 1085 mandate petition seeking an order compelling defendants, City of Los Angeles and Chief of Police William Bratton, to set aside an official written reprimand. We hold plaintiff was not given timely notice of any "proposed disciplinary action" within one year of the discovery of his alleged misconduct as required by Government Code[1] section 3304, subdivision (d) of the Public Safety Officers Procedural Bill of Rights Act (the act). Thus, we conclude the written reprimand must be removed from plaintiffs personnel file.
 II. BACKGROUND Plaintiff filed his mandate petition on May 24, 2004. The petition alleged plaintiff was charged and reprimanded by Chief Bratton on February 3, 2003. The mandate petition further alleged that, at the time the reprimand was imposed, it violated state law because: the Los Angeles Police Department (the department) received information concerning the misconduct on August 8, 2001; on August 12, 2002, the department mailed a personnel complaint *Page 935 notifying plaintiff that he was to be demoted based on the information discovered on August 8, 2001; on February 3, 2003, the department conceded the charges were too old to be the basis for a demotion; but Chief Bratton nevertheless issued a reprimand on February 4, 2003. Plaintiff requested the reprimand be removed from his personnel file and attorney fees be awarded pursuant to section 3309.5.
 In conjunction with the hearing on the mandate petition, the parties submitted documents and evidence which established the following. On July 26, 2001, plaintiff submitted a report to the City of Torrance Police Department stating that his personal car had been burglarized at his residence. On July 23, 2002, Captain Julie Nelson signed a "Los Angeles Police Department Complaint Form." The July 23, 2002 administrative complaint alleged: "On July 26, 2001, [plaintiff] discovered that his private vehicle had been burglarized while parked in the driveway at his residence in the City of Torrance. [Plaintiff] went to the Torrance Police Department and filed a report at the front desk on July 26, 2001 at 0900 hours, DR No. 01-10909. On July 26, 2001, at 1030 hours, plaintiff telephoned Harbor Day Watch Commander, Lieutenant I Diane Burns, . . . and reported the theft of his Los Angeles Police Identification Card, a personally owned firearm and other items including a personnel complaint investigation package, CF NO. 01-1476. [¶] On June 10, 2001, [plaintiff] completed and turned in a completed Personnel Complaint Investigation, CF No. 00-4985. During the review of the complaint, significant inconsistencies within the investigation were noted regarding the statements of the parties involved. On August 2, 2001, Lieutenant I, John Baronowski, . . . Harbor Area Administrative Lieutenant, requested [plaintiff] to produce the Audio Tape(s) of the interviews, Tape No. 241855. [Plaintiff] informed Lieutenant Baronowski that Audio Tape No. 241855 had been taken during the July 26, 2001, burglary of his private vehicle. [¶] [Plaintiff] told Lieutenant Baronowski that other materials related to complaint investigation, CF No. 01-1476, also had been taken in the burglary. The items taken included the Audio Tape and related investigative [materials]. The police report filed by plaintiff with the Torrance Police Department did not list any Los Angeles Police Department documents or Department owned Audio Tapes as being taken in the burglary. [¶] On August 10, 2001, [plaintiff] was directed to file a Victim's Supplemental Property Loss Report with the Torrance Police Department and list all Los Angeles Police owned Audio Tape(s) and related official documents." Also on July 23, 2002, plaintiff was given a written "Notice of Proposed Disciplinary Action" which was signed by Captain Nelson. Plaintiff acknowledged he had received a copy of the "investigative material." Captain Nelson recommended a board of rights hearing be held. Neither the July 23, 2002 complaint nor the proposed disciplinary action documents identified any contemplated discipline. *Page 936 
 On July 29, 2002, a sergeant prepared a document entitled, "Penalty Recommendation." The recommendation stated Captain Nelson had urged on July 23, 2002, that plaintiff have a board of rights hearing and be demoted. (In fact, Captain Nelson made no recommendation that plaintiff be demoted, only that a board of rights hearing be conducted.) The form also states that a commander agreed to Captain Nelson's recommendations on July 24, 2002. Captain Nelson's recommendations were based on the charges that plaintiff: between November 15, 2000, and June 10, 2001, while on duty, failed to conduct a thorough complaint investigation as required (count 1); on July 26, 2001, while off duty failed to maintain control of confidential police department records resulting in their loss (count 2); on July 26, 2001, while off duty failed to report the loss of police department records in a timely manner (count three); on June 10, 2001, submitted a complaint form investigation that contained inaccurate information (count four); and on May 23, 2002, made false statements to a sergeant during an official investigation (count five). However, there is no evidence the July 29, 2002 penalty recommendation document was served on plaintiff.
 On August 2, 2002, Acting Chief of Police Martin Pomeroy signed an administrative complaint alleging that plaintiff engaged in five specific forms of alleged misconduct. The August 2, 2002 administrative complaint contained the same five counts of alleged misconduct outlined in Captain Nelson's July 23, 2002 penalty recommendation which recommended a board of rights hearing be held. Further, the August 2, 2002 administrative complaint informed plaintiff that the department was seeking to demote him from the rank of sergeant to police officer effective August 17, 2002.
 In a letter dated January 9, 2003, plaintiff requested counts one through four in Acting Chief Pomeroy's August 2, 2002 administrative complaint be withdrawn because they were barred by the statute of limitations. On February 4, 2003, an amended administrative complaint was issued which deleted counts one through four of the misconduct charges contained in the August 2, 2002 complaint signed by Acting Chief Pomeroy. The amended administrative complaint contained a single misconduct charge that, on May 23, 2002, plaintiff allegedly made false statements to another sergeant during an official investigation. The amended administrative complaint informed plaintiff that he was being demoted from his position as Sergeant I to that of police officer effective August 17, 2002. Plaintiff was served with the amended administrative complaint dated February 4, 2003, on February 28, 2003. On May 12, 2003, the board of rights found plaintiff not guilty of the sole remaining count of the amended administrative complaint. *Page 937 
 On May 22, 2003, plaintiff was served with an official written reprimand signed by Chief Bratton. The reprimand provides in part: "Your actions in this complaint amount to SERIOUS MISCONDUCT and if it were not for the expiration of the statute of limitations prescribed in the Los Angeles City Charter Sections 1070 and 1070.a, a substantial penalty would have been imposed on you. [¶] I AM THEREFORE IMPOSING THE MAXIMUM ALLOWABLE PENALTY AND HEREBY OFFICIALLY REPRIMAND YOU. [¶] I find that the following charges were sustained: [¶] Count 1. Between November 15, 2000 and June 10, 2001, you, while on duty, failed to conduct a thorough Complaint Investigation, as required. [¶] Count 2. On or about July 26, 2001, you, while off duty, failed to maintain control of confidential Department records resulting in their loss. [¶] Count 3. On or about July 26, 2001, you, while off duty, failed to report the loss of Department records in a timely manner. [¶] Count 4. On or about June 10, 2001, you submitted a Complaint Form investigation that contained false information." (Original boldface and capitalization.)
 On May 23, 2003, plaintiff filed an administrative appeal requesting that Chief Bratton's May 22, 2003 written reprimand be rescinded. On June 26, 2004, the commanding officer of internal affairs, Commander Eric A. Lillo, sent a letter to plaintiff's commanding officer indicating that the charges had been changed to reclassify count 1 as "Out-of-Statute" and count 4 as nonresolved. According to Commander Lillo, Chief Bratton's official written reprimand now contained only two counts. Defendants also conceded at the hearing on the administrative mandate petition that the nonresolved count could be "considered for the future."
 In the points and authorities filed in support of the mandate petition, plaintiff argued Chief Bratton's reprimand violated section 3304, subdivision (d) and the department's own directives ordering that similarly issued reprimands be rescinded and removed from officers' personnel files. Plaintiff also argued: "Los Angeles City Charter Section 1070, . . . prohibits only dismissal, demotion or suspension for allegations of misconduct that are time-barred. Stated another way, the statute of limitations contained in the Los Angeles City Charter does not apply to [the city's] power to issue reprimands. [¶] In apparent reliance on the City Charter, the Chief withdrew four allegations from the personnel complaint, but put them into a reprimand. This was error. The Chiefs power to take punitive action is not only limited by the City Charter; it is also limited by Section 3304, [subdivision] (d). . . ." Thus, plaintiff argued that Los Angeles City Charter[2] section 1070 did not time bar written reprimands. However, the chiefs power to take punitive action by reprimanding plaintiff was barred by the charter as well as section 3304, subdivision (d). *Page 938 
 The city opposed the mandate petition but conceded that it had failed to comply with the charter. The city conceded the department failed to file charges with the police commission within one year as required by charter section 1070, subdivisions (c) and (d). Defendants explicitly admitted, "The [department became aware of misconduct on July 26, 2001." Notwithstanding this concession, the city argued that charter section 1070 did not apply to "[p]aper penalties" such as an official reprimand. Defendants argued that the petition should be denied because: the department could impose an official reprimand; the department complied with section 3304, subdivision (d); the department had no ministerial duty to remove the official reprimand; and plaintiff had failed to exhaust his administrative remedies.
 In reply and for the first time, plaintiff raised the issue of whether defendants had also violated Los Angeles Police Department administrative order No. 7 (Administrative Order No. 7), which was apparently promulgated in 1999 to comply with section 3304, subdivision (d). Administrative Order No. 7 is quoted extensively from Jackson v. City of LosAngeles (2003) 111 Cal.App.4th 899, 905
[4 Cal.Rptr.3d 325], which states: "On March 22, 1999, the Office of the Chief of Police of the Los Angeles Police Department issued Administrative Order No. 7. It recognized that enactment of section 3304, subdivision (d) might affect [the statute of limitations contained in the charter] and stated: `Until there is further judicial or legislative clarification, City and State laws should be read in conjunction to the extent possible when considering misconduct investigations and final disciplinary decisions.' Specifically regarding the limitations period, Administrative Order No. 7 stated: [¶] `I. COMPLETION OF MISCONDUCT INVESTIGATIONS. [¶] Investigations of misconduct should be completed within one year of the discovery of the misconduct by a supervisor (Sergeant I or Detective II or higher). This time limit includes the filing of the verified written complaint with the Police Commission following service upon the sworn employee."
 The reply memorandum also reiterated plaintiff s argument that defendants had violated section 3304, subdivision (d). This was because Captain Nelson's July 23, 2002 notice did not specify either the charges or the penalty. Rather, plaintiff argued that Captain Nelson's July 23, 2002 notice indicates only that the matter be adjudicated by a board of rights but does not mention the proposed penalty of demotion. Plaintiff also argued for the first time that the written reprimand violated section 3304, subdivision (f) which provides, "If, after investigation and any predisciplinary response or procedure, the public agency decides to impose discipline, the public agency shall notify the public safety officer in writing of its decision to impose discipline, including the date that the discipline will be imposed, within 30 days of its *Page 939 decision, except if the public safety officer is unavailable for discipline." In response to the city's exhaustion issue, plaintiff argued that he was not required to exhaust administrative remedies. Plaintiff reasoned section 3309.5 gives the superior court initial jurisdiction over claims that the city violated the act. Plaintiff also asserted that exhaustion of administrative remedies was unnecessary given that over two years had passed since he appealed the reprimand and no hearing had been conducted.
 The trial court rejected defendants' exhaustion argument but denied the mandate petition on its merits. The trial court noted that the parties agreed that charter section 1070 does not apply to the power to issue reprimands. The trial court ruled that charter section 1070, subdivision (c) does not list a written reprimand as a disciplinary action. The trial court found: "The two counts as to which Petitioner is still reprimanded both arise out of the July 26, 2001 theft of government property from his vehicle. Petitioner's counsel, in his letter of January 9, 2001 . . . refers to August 8, 2001 as the `date of discovery' for Counts 1-4. Respondents' Exhibit A shows that at least as of August 10, 2001, the misconduct alleged in the two remaining counts had to be discovered by `a person authorized to initiate an investigation.' [Citation.] [¶] Respondents' Complaint Form indicates the `date of occurrence' as July 26, 2001, and the `date reported' as [of] August 14, 2001. . . . As noted, the earliest that these two counts of misconduct could have been discovered was July 26, 2001 (the date of the occurrence when Petitioner's car was stolen), and the latest was August 18, 2001 (the date of the report). . . . Petitioner received a Complaint Form and Notice of Proposed Disciplinary Action on July 23, 2002." The trial court then found the city had complied with section 3304, subdivision (d) by "adequately `notify[ing]'" plaintiff within one year of the proposed disciplinary action. The statement of decision did not address plaintiffs arguments regarding Administrative Order No. 7 nor did it address his contention defendants had violated section 3304, subdivision (f). As previously noted, these issues were not posited in the petition but were raised for the first time in the reply papers. Judgment was entered on November 2, 2005. This timely appeal followed.
 III. DISCUSSION A. Standard of Review Code of Civil Procedure section 1085, subdivision (a) states, "A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by such *Page 940 inferior tribunal, corporation, board, or person." Under Code of Civil Procedure section 1086: "The writ must be issued in all cases where there is not a plain, speedy, and adequate remedy, in the ordinary course of law. It must be issued upon the verified petition of the party beneficially interested." (See City of King City v. Community Bank ofCentral California (2005) 131 Cal.App.4th 913, 925
[32 Cal.Rptr.3d 384]; Unnamed Physician v. Board ofTrustees (2001) 93 Cal.App.4th 607, 618
[113 Cal.Rptr.2d 309].) A writ of mandate may not be used to order a body to exercise discretion in a particular manner. (RidgecrestCharter School v. Sierra Sands Unified School Dist. (2005)130 Cal.App.4th 986, 1002 [30 Cal.Rptr.3d 648]; Morris v.Harper (2001) 94 Cal.App.4th 52, 62 [114 Cal.Rptr.2d 62].) The plaintiff has the burden of proving the facts upon which the claim is made. (California Correctional Peace Officers Assn.v. State Personnel Bd. (1995) 10 Cal.4th 1133, 1153-1154
[43 Cal.Rptr.2d 693, 899 P.2d 79]; Gilbert v. City ofSunnyvale (2005) 130 Cal.App.4th 1264, 1274-1275
[31 Cal.Rptr.3d 297].)
 Our standard of review is: "`"In reviewing the trial court's ruling on a writ of mandate, the appellate court is ordinarily confined to an inquiry as to whether the findings and judgment of the trial court are supported by substantial, credible and competent evidence." [Citation.]' [Citation.] [¶] This limitation, however, does not apply to resolution of questions of law where the facts are undisputed. In such cases, as in other instances involving matters of law, the appellate court is not bound by the trial court's decision, but may make its own determination. [Citations.]" (Evans v.Unemployment Ins. Appeals Bd. (1985) 39 Cal.3d 398, 407
[216 Cal.Rptr. 782, 703 P.2d 122]; accord, County of SanDiego v. State of California (1997) 15 Cal.4th 68, 109
[61 Cal.Rptr.2d 134, 931 P.2d 312].) We review discovery of misconduct issues for substantial evidence. (Haney v. Cityof Los Angeles (2003) 109 Cal.App.4th 1, 8-11
[134 Cal.Rptr.2d 411], citing Dresser v. Board of Medical QualityAssurance (1982) 130 Cal.App.3d 506, 511
[181 Cal.Rptr. 797] People v. Swinney (1975) 46 Cal.App.3d 332,344 [120 Cal.Rptr. 148], overruled on another point inPeople v. Zamora (1976) 18 Cal.3d 538, 564
[134 Cal.Rptr. 784, 557 P.2d 75].)
 B. The Reprimand Was Untimely The uncontradicted evidence demonstrates that: on July 26, 2001, plaintiffs car was burglarized; plaintiff reported the burglary to the Torrance Police Department; on the same date plaintiff reported the loss of a personnel complaint investigation package to Lieutenant Burns; on August 2, 2001, plaintiff told Lieutenant Baronowski that the tape recording was taken in the July 26, 2001 auto burglary along with other documents pertinent to the *Page 941 complaint investigation; on August 10, 2001, plaintiff was ordered to make a supplemental report with the Torrance Police Department concerning the missing tape and other documents; on July 23, 2002, Captain Nelson prepared a notice of an intent to subject plaintiff to a board of rights hearing but failed to identify the contemplated disciplinary action; and on July 29, 2002, a sergeant prepared penalty recommendations which were never served. On August 12, 2002, plaintiff was served with Acting Chief Pomeroy's administrative complaint and demotion notice. Acting Chief Pomeroy's administrative complaint alleged plaintiff was charged with: failing to complete a thorough complaint investigation "as required"; on July 26, 2001, failing to maintain control of confidential records; on July 26, 2001, failing to report the loss of department records in a timely fashion; on June 10, 2001, submitting a complaint form with false information; and on May 23, 2002 making a false statement to another police sergeant. Acting Chief Pomeroy's August 12, 2002 administrative complaint stated the department sought to demote plaintiff to the rank of a police officer. As noted, the first four charges were later dismissed because they were untimely pursuant to section 3304, subdivision (d) and on May 12, 2003, plaintiff was found not guilty of making the false statement to another police sergeant. Meanwhile, on February 4, 2003, prior to the board of rights May 12, 2003 finding that plaintiff was not guilty of making a false statement to another police sergeant, Chief Bratton issued the letter of reprimand which is the subject of this appeal. The four charges which Chief Bratton listed in the February 4, 2003 letter of reprimand were the same four allegations which had been removed from Acting Chief Pomeroy's August 2, 2002 administrative complaint.
 The February 4, 2003 reprimand is untimely. The controlling provision of the act is section 3304, subdivision (d) which states in part: "[N]o punitive action . . ., shall be undertaken for any act, omission, or other allegation of misconduct if the investigation of the allegation is not completed within one year of the public agency's discovery by a person authorized to initiate an investigation of the allegation of an act, omission, or other misconduct. This one-year limitation period shall apply only if the act, omission, or other misconduct occurred on or after January 1, 1998. In the event that the public agency determines that discipline may be taken, it shall complete its investigation and notify the public safety officer of its proposed disciplinary action within that year. . . ." Section 3304, subdivision (d) is an administrative statute of limitations. (Sulier v. State Personnel Bd.
(2004) 125 Cal.App.4th 21, 27-28 [22 Cal.Rptr.3d 615];Alameida v. State Personnel Bd. (2004)120 Cal.App.4th 46, 63 [15 Cal.Rptr.3d 383].) Our colleague, Associate Justice Ronald B. Robie of the Third Appellate District, described the manner in which section 3304, subdivision (d) operates: "[U]nder the plain language of section 3304(d), if the CDC desires to discipline an officer, then it must complete the investigation into the misconduct within one year of the *Page 942 discovery of the misconduct by a person authorized to start an investigation into the conduct. If, at the conclusion of that investigation, the CDC `determines that discipline may be taken,' then it must give the officer notice of the `proposed disciplinary action' during that same one-year time frame. [Citation.] When the CDC actually `decides to impose discipline,' then it must notify the public safety officer in writing of its decision to impose discipline [citation]." (Sulier v. State Personnel Bd.,supra, 125 Cal.App.4th at p. 27, original italics; seeSanchez v. City of Los Angeles (2006)140 Cal.App.4th 1069, 1081 [45 Cal.Rptr.3d 188].) Presiding Justice Joan Dempsey Klein of Division Three of this appellate district described what section 3304, subdivision (d) requires, "This provision requires the Department to notify the officer of the specific disciplinary action that is being proposed, not merely to advise the officer that some disciplinary action is being contemplated." (Sanchez, at p. 1081, fn. omitted.) The omitted footnote in Sanchez states: "We observe the nature of the proposed disciplinary action will have some bearing on how the officer responds. Presumably, a proposed penalty of termination will be resisted more vigorously than a proposed reprimand." (Id. at p. 1081, fn. 9.)
 Here, in the trial court, defendants conceded plaintiff's misconduct was discovered by "[t]he [d]epartment" on July 26, 2001. Plaintiff was notified that he would be subject to a board of rights hearing within one year of the date his misconduct was discovered. On July 23, 2002, Captain Nelson served plaintiff with a notification he would be subject to a board of rights hearing but did not specify any "proposed disciplinary action" as explicitly required by section 3304, subdivision (d). On August 2, 2002, plaintiff was first served with notice the department was seeking to demote him in Acting Chief Pomroy's administrative complaint. August 2, 2002, is more than one year after the July 26, 2001 discovery date of the misconduct specified in both Acting Chief Pomroy's administrative complaint dated August 2, 2002, and Chief Bratton's February 4, 2003 reprimand. A reprimand is a punitive action. (§ 3303; Otto v. Los Angeles Unified SchoolDist. (2001) 89 Cal.App.4th 985, 996
[107 Cal.Rptr.2d 664].) The reprimand is untimely because it was barred by the section 3304, subdivision (d) statute of limitations.
 C. Unpublished Issues* There is no merit to defendants' exhaustion of administrative remedies contention. The department has refused to take any action as of June 26, 2004 in response to plaintiff's administrative appeal concerning this issue. The department's position is such that the trial court could reasonably find any further action would be futile. (Jonathan Neil Assoc., Inc. v. Jones (2004)33 Cal.4th 917, 936; Sanchez v. City of Los Angeles, supra,140 Cal.App.4th at p. 1079.)
 Also, plaintiff is not entitled to section 3309.5, subdivision (e) penalties. There is no evidence Chief Bratton acted maliciously, in bad faith, or out of any improper motive. No fees or penalties may be awarded. We need not address the parties remaining contentions. *Page 943 
 IV. DISPOSITION The judgment is reversed. Upon issuance of the remittitur, the trial court is to issue its writ of mandate setting aside the reprimand and directing it be removed from plaintiffs personnel file. Plaintiff, John Mays, is awarded his costs on appeal jointly and severally from defendants, the City of Los Angeles and William Bratton.
 Armstrong, J., and Mosk, J., concurred.
[1] All further statutory references are to the Government Code unless otherwise indicated.
[2] Future references to the charter are to the Los Angeles City Charter.
* See footnote, ante, page 932. *Page 944