Filed 12/15/22  Bank v. Jean-Baptiste CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>MACKENSON ROBENS JEAN-BAPTISTE,<br><br>     Defendant and Appellant. | D079378, D079944<br><br><br>(Super. Ct. No. 37-2020-00035772-CU-OR-CTL) |

CONSOLIDATED APPEALS from a judgment and order of the Superior Court of San Diego County, Eddie C. Sturgeon, Judge.  Affirmed.

Law Offices of Mark A. Kompa, Mark A. Kompa; and Bradley L. Jacobs for Plaintiff and Respondent.

Mackenson Robens Jean-Baptiste, in pro. per, for Defendant and Appellant.

Defendant Jean-Baptiste appeals from a judgment entered against him and in favor of plaintiff Ameris Bank on its declaratory and injunctive relief complaint and an order granting attorneys' fees and costs on the judgment. Ameris Bank sought, among other relief, a declaration that the promissory note and deed of trust Jean-Baptiste executed in favor of Ameris Bank to

secure a refinance loan for his residential property were valid and enforceable, and a permanent injunction preventing him from preparing and recording certain documents that might impair or nullify the loan documents.

Jean-Baptiste contends that the note and deed of trust on which Ameris Bank relied in seeking declaratory relief to determine the rights of the parties are forgeries and should not have been admitted into evidence at trial. He further contends that the trial court exceeded its jurisdiction in granting an injunction, that Ameris Bank violated the Fair Debt Collection Practices Act (FDCPA), the Truth in Lending Act (TILA), the Fair Credit Reporting Act (FCRA), and Sections 3302, 3305, and 3501 of the California Commercial Code, that he is entitled to recission of the loan transaction, and that his due process rights were violated. We conclude that each of these contentions either is without merit or was forfeited. We therefore affirm the judgment in favor of Ameris Bank and the order awarding Ameris Bank its attorneys' fees and costs.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Defendant's Property Loan and Refinancing*

In February 2019, Jean-Baptiste executed a promissory note, secured by a deed of trust, with Stearns Lending, LLC to purchase certain residential property located on Sesi Lane in Lakeside, California (the Property). The loan made by Stearns Lending, LLC to Jean-Baptiste was in the principal amount of $520,965.

Less than one year after he bought the Property, Jean-Baptiste applied for a loan with Ameris Bank to refinance his original loan. Jean-Baptiste submitted his loan application to Ameris Bank through his broker, Claude B. at Finance Any1. Jean-Baptiste executed a promissory note, again secured by a deed of trust, in exchange for a loan from Ameris Bank in the amount of

2

$531,222.  Ameris Bank paid off Jean-Baptiste's original loan in the amount of $537,447.37, to fund both the original loan for the Property and the commission of Jean-Baptiste's broker.

Before closing on the loan, Ameris Bank sent Jean-Baptiste a document titled "Closing Disclosure," which contained the final loan terms and closing costs, as well as certain required disclosures.  Ameris Bank also sent Jean-Baptiste a document titled "Notice of Right to Cancel," which informed him of his right under federal law to cancel the loan transaction by midnight on November 5, 2019.  Ameris Bank did not hear from Jean-Baptiste within the cancellation period.

Ameris Bank recorded its deed of trust against the Property on November 6, 2019.  That same day, Ameris Bank paid off Jean-Baptiste's original loan via a wire transfer.

In December 2019, Jean-Baptiste sent a document to Ameris Bank's chief finance officer (CFO) Nicole S. titled "Notice of FINAL PAYMENT" that purported to enclose "final payment and settlement regarding [Ameris Bank's refinance] Loan Number 7165139527" and stated that failure to supply "evidence and proof why this payment is not permitted shall constitute legal accord and satisfaction of all claims for Loan Number 7165139527."  Jean-Baptiste had not at that time (and to date has not) paid off his loan with Ameris Bank.

In January 2020, Jean-Baptiste mailed Nicole a second notice, titled "Notice of Fault and Opportunity to Cure."  The document asserted that because the CFO had not replied to his first "Notice of Final Payment," she was "now in [de]fault and [agreed] with and . . . stipulated that there is no further balance owed on the account number mentioned above."

3

In February 2020, Jean-Baptiste recorded a UCC-1 Financing Statement with the California Secretary of State on behalf of himself, as "creditor," against himself, as "debtor." The document provided that "all of debtor's assets[,] including . . . any land[ ] and personal property . . . are released to the Debtor to serve as collateral for the Creditor Secured Party's [Jean-Baptiste] benefit."

In February 2021, Jean-Baptiste, as the purported "Beneficial Interest Holder" of Ameris Bank's first position deed of trust, recorded an instrument titled "Notice of Acceptance and Acknowledgment of Contract, Interest, and Deed" with the Register of Deeds in Cabarrus County, North Carolina. The document purported to transfer Jean-Baptiste's ownership interest in the Property to the Traci Lynn Southerland Living Trust and effect a "full settlement and closure" and "Satisfaction of Mortgage."

B. *Litigation*

Jean-Baptiste sued Ameris Bank CFO Nicole S. in California small claims court for breach of contract, alleging she was personally liable to him for "a one time fee" in the amount of $1,000 based on the terms of their contract. In May 2020, Jean-Baptiste added Ameris Bank as a defendant to the small claims action by way of a First Amended Claim, but he did not serve the amended complaint on Ameris Bank or Nicole.

Ameris Bank then filed an action for declaratory relief against Jean-Baptiste and his spouse Meurly Louis, seeking a judicial declaration that confirmed the validity and enforceability of the note and deed of trust as well as injunctive relief. The trial court consolidated Ameris Bank's declaratory action with Jean-Baptiste's small claims case.

Jean-Baptiste filed what he titled "Defendant's Response to order and move this court to dismiss Plaintiff's Declaratory Relief complaint for failure

4

to state a claim which relief can be granted." In the document, Jean-Baptiste claimed "damages based on theories of RICO, State Statutes and Common Law" and alleged that Ameris Bank had extorted him. The document also asserted various Uniform Commercial Code and federal statute-based affirmative defenses and argued Jean-Baptiste was entitled to rescind the note and deed of trust under "Basic Principles of Rescission for Fraud." It did not directly attack the sufficiency of Ameris Bank's claim for declaratory relief.

C. *Trial*

Trial commenced in July 2021. Jean-Baptiste was self-represented. Ameris Bank introduced the testimony of two lay witnesses and two expert witnesses as well as Jean-Baptiste.

Terry A., who is Ameris Bank's vice president, Western Production Manager, and custodian of records, testified that she oversees all residential loan transactions in the western region for the bank, including the loan transaction with Jean-Baptiste. Terry described the process by which Jean-Baptiste submitted his loan refinance application to Ameris Bank through his broker, Claude B., and how Ameris Bank ultimately approved the application. She also described how Ameris Bank prepared the promissory note and deed of trust in connection with the loan transaction, securing Ameris Bank's loan in the amount of $531,222 against the Property, and testified that Jean-Baptiste executed and delivered the note and deed of trust to Ameris Bank. Jean-Baptiste objected to the admission of the note based on hearsay and to both the note and deed of trust based on his assertion that the original documents should be present at trial. His objections were overruled by the trial court.

According to Terry, Ameris Bank had sent Jean-Baptiste a "Closing Disclosure," which contained certain required disclosures, and a document titled "Notice of Right to Cancel," which informed him of his right under federal law to cancel the loan transaction within a certain number of days. She testified that Jean-Baptiste signed the notice and did not cancel his loan. Jean-Baptiste objected to the admission of the closing disclosure document as hearsay. The trial court overruled his objection and received the document into evidence.

Terry testified that, having relied on Jean-Baptiste's failure to cancel the loan transaction, Ameris Bank then paid off Jean-Baptiste's original loan in the amount of $537,447.37, to pay for both the original loan for the Property and the commission for Jean-Baptiste's broker, and recorded its deed of trust against the Property. She further testified that Jean-Baptiste never tendered "cash, check, money order, or any other commercially acceptable form of payment" to pay off his loan, such that there was "absolutely not" any accord and satisfaction between Jean-Baptiste and Ameris Bank. Terry also stated that, as of June 2021, Jean-Baptiste continued to owe Ameris Bank a loan balance of $528,595.35, which amount was reflected in his most recent mortgage statement at that time.

On cross-examination, Terry testified that she was not familiar with GAAP accounting principles or the California Commercial Code and was not involved with Ameris Bank's bookkeeping entries. She also testified that Ameris Bank is the holder of the original security instrument executed with Jean-Baptiste, that she has firsthand knowledge of the location of the promissory note, and that Ameris Bank does not take original notes and deeds out in public because of the possibility that they may be damaged or lost. Jean-Baptiste concluded his cross-examination of Terry and then asked

6

the trial court: "Your Honor, how may I settle this matter today? . . . May I please have the order of the court?" The court informed Jean-Baptiste he would receive an order when the trial was complete.

Ameris Bank next called title attorney Jon Bradley H. (Bradley) as an expert witness. Bradley testified that he had reviewed the deed of trust as well as (1) a UCC-1 financing statement that Jean-Baptiste had prepared and filed with the California Secretary of State, and (2) a document titled "Notice of Acceptance and Acknowledgement of Contract, Interest, and Deed," which Jean-Baptiste prepared and then recorded in North Carolina. Bradley testified that the latter document purported to transfer Jean-Baptiste's ownership interest in the Property to the Traci Lynn Southerland Living Trust and that both documents could affect the marketability of Ameris Bank's deed of trust against the Property. Jean-Baptiste declined to cross-examine Bradley.

Ameris Bank's next witness was Maria J., a notary signing agent who testified that she had notarized the deed of trust for Jean-Baptiste, which she watched him sign after verifying his identity. Maria testified that she was confident it was Jean-Baptiste who signed the deed of trust and her notary book in her presence. Jean-Baptiste declined to cross-examine Maria as well, instead stating to the trial judge: "Let the record reflect that I repent for my sin. I will not argue any facts, law, jurisdiction or venue in this case."

Ameris Bank then introduced the testimony of Manuel G., a forensic document examiner. Manuel testified that he had compared the known signatures of Jean-Baptiste to the signatures on the note and deed of trust executed in favor of Ameris Bank and concluded that the signatures on the note and deed of trust were "likely genuine," meaning "written by Mr. Baptiste." Again, Jean-Baptiste declined to cross-examine the witness,

instead stating: "Your Honor, just let the record reflect that I repent for my sin. I will not argue any facts, law, jurisdiction or venue in this case."

Ameris Bank called Jean-Baptiste as its final witness. When asked where he resides, Jean-Baptiste stated that he was "not here to testify" and repeatedly asked the trial judge how he could "settle this matter." Ameris Bank then rested its case, and the trial judge informed Jean-Baptiste it was his turn to present his case in chief and asked whether he wanted to call any witnesses to the stand. Both Jean-Baptiste and his wife Meurly Louis stated that they did not wish to testify. The court then attempted to clarify whether Jean-Baptiste wished to rest his case, and Jean-Baptiste again asked the trial judge how he could settle the matter and requested the order of the court. The court therefore concluded that there would be no rebuttal from the defense.

The court then asked counsel for Ameris Bank to specifically state the requested relief, instructing Jean-Baptiste to listen very carefully. Counsel for Ameris Bank reiterated the relief sought in the complaint and clarified that it was also seeking judgment in its favor in Jean-Baptiste's related small claims case. Jean-Baptiste declined to give a closing statement.

D. *Trial Court Judgment and Order Awarding Fees and Costs*

At the conclusion of the trial, the court found in favor of Ameris Bank. That same day, the court entered judgment in favor of Ameris Bank on its declaratory and injunctive relief complaint and in favor of Ameris Bank and Nicole S. on Jean-Baptiste's small claims complaint. The trial court did not issue, and neither party requested, a statement of decision.

After entry of the judgment, Ameris Bank submitted its memorandum of costs and filed a motion for attorneys' fees. Jean-Baptiste filed an

8

opposition. The court held a hearing on the motion and granted Ameris Bank's motion for fees and costs.

Jean-Baptiste timely appealed both the judgment and order awarding fees and costs. We consolidated the two appeals for disposition.

DISCUSSION

I

Jean-Baptiste appeals the judgment in favor of Ameris Bank on its complaint for declaratory and injunctive relief. We reject each of his contentions as forfeited or without merit and conclude that substantial evidence supports the trial court's judgment.

A. *Standard of Review and General Principles*

In reviewing the appeal of a trial court's judgment after a bench trial, we generally conduct an independent review of questions of law and apply the substantial evidence rule to the trial court's fact findings. (*SFPP v. Burlington Northern & Santa Fe Ry. Co.* (2004) 121 Cal.App.4th 452, 461.) If the court's factual findings are supported by substantial evidence, we must affirm them. This rule applies whether the factual findings are express or implied. (*Id.* at p. 462.)

Under the doctrine of implied findings, where there is no statement of decision from the court after trial, we must "presume that the trial court made all factual findings necessary to support the judgment for which substantial evidence exists in the record." (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 267.) The doctrine of implied findings flows logically from "three fundamental principles of appellate review: (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error." (*Fladeboe v.*

9

*American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58.)  Jean-Baptiste did not ask the trial court to issue a statement of decision.  Accordingly, we presume the trial court made all findings necessary to support the judgment in favor of Ameris Bank.  As we will explain, the judgment is supported by substantial evidence.

B. *Defendant Forfeited His Right to Challenge Evidentiary Rulings*

As an initial matter, Jean-Baptiste contends on appeal that the trial court erred in admitting (1) certified copies of the promissory note and deed of trust, because the note constituted hearsay and the two documents were not originals, and (2) Ameris Bank's closing disclosure, which he argued at trial contained hearsay.  We conclude that Jean-Baptiste has forfeited these arguments.

First, we may disregard Jean-Baptiste's challenges to the trial court's evidentiary rulings because these arguments do not appear under separate argument headings in his opening brief as required.  (See Cal. Rules of Court, rule 8.204(a)(1) ["Each brief must:  [¶] . . . [¶]  (B) State each point under a separate heading or subheading summarizing the point, and support each point by argument"]; *Alameida v. State Personnel Bd.* (2004) 120 Cal.App.4th 46, 59.)

Second, Jean-Baptiste's evidentiary arguments are also properly disregarded because he has not presented any legal argument or authority demonstrating why or how the trial court erred in admitting the documents in question.  To demonstrate error, Jean-Baptiste was required to supply us with " 'cogent argument supported by legal analysis and citation to the record.' . . .  We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' " (*United*

10

*Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 (*United Grand*).) Jean-Baptiste has provided only conclusory statements that his objections to the closing disclosure, promissory note, and deed of trust were overruled and that the latter two documents are "forgeries" and thus inadmissible. His failure to provide factual support or cite any relevant authority means that we may, and do, treat the arguments as insufficiently developed and therefore forfeited. (*United Grand*, at p. 153; *Nickell v. Matlock* (2012) 206 Cal.App.4th 934, 947 [where no evidence or authority is cited to support conclusory assertions, the argument is forfeited].)

C. *Substantial Evidence Supports the Judgment*

To the extent Jean-Baptiste seeks to raise a substantial evidence argument as to Ameris Bank's declaratory relief claim, we reject it. Ameris Bank presented substantial evidence at trial demonstrating it was entitled to a judgment declaring that: (1) the loan documents that Jean-Baptiste executed in favor of Ameris Bank (namely, the promissory note and deed of trust) are valid and enforceable; (2) pursuant to the loan transaction, Ameris Bank fulfilled its contractual obligations by funding Jean-Baptiste's refinance loan in the amount of $531,222 and paying off the entire loan balance he previously owed his original lender; (3) the deed of trust Ameris Bank recorded remains in first position against the Property; (4) the deed of trust is equitably subrogated up to the principal amount of the original lender's purchase money deed of trust in the amount of $517,788.49; and (5) none of the documents Jean-Baptiste prepared and/or recorded in an attempt to nullify the loan transaction with Ameris Bank have any legal effect to nullify or otherwise impair any of the loan documents, in particular the promissory note and deed of trust Jean-Baptiste executed in favor of Ameris Bank.

11

Ameris Bank proved through admission of properly authenticated documents and testimony of its employees that Jean-Baptiste submitted a refinance application to Ameris Bank through his broker, he executed a promissory note secured by a deed of trust in exchange for the loan from Ameris Bank in the amount of $531,222, Ameris Bank paid off Jean-Baptiste's original loan, and Ameris Bank recorded its deed of trust against the Property in November 2019.

Jean-Baptiste appears to challenge the sufficiency of evidence only as to the validity of the note and deed of trust. Specifically, he contends that Ameris Bank cannot prevail on its claim because it failed to prove that it is the "holder in due course" of the loan instruments at issue in this case. We disagree.

At trial, Ameris Bank introduced certified copies of the note and deed of trust into evidence through the testimony of its employee and custodian of records, Terry. Terry oversaw Jean-Baptiste's loan transaction and authenticated the two documents at trial, describing how Ameris Bank prepared the note and deed of trust and testifying that Jean-Baptiste executed and delivered the note and deed of trust to Ameris Bank. Jean-Baptiste's objections to the documents were overruled by the trial court. Each document specifically identifies Ameris Bank as the lender.

Ameris Bank also relied on the testimony of Manuel G., who has been a forensic document examiner for more than 40 years and testified as an expert in almost 200 cases, and Maria J., a notary signing agent, to demonstrate that Jean-Baptiste executed the note and deed of trust. Manuel testified that he concluded after comparing Jean-Baptiste's signatures on various documents that, in his expert opinion, the signatures on the note and deed of trust were likely genuine and written by Jean-Baptiste. Maria testified that

she notarized the deed of trust for Jean-Baptiste, who signed it in her presence after she verified his identity. These documents and testimony demonstrate that Jean-Baptiste executed the note and deed of trust.

As Ameris Bank points out, at no point has Jean-Baptiste expressly denied that he executed a note and deed of trust in favor of Ameris Bank for the refinancing of his loan. Instead, he claims that the original note was never recorded or certified by the County of San Diego and argues that Ameris Bank was required to present the original promissory note and deed of trust, rather than certified copies, to prove its claim at trial. He provides no support for the first argument and cites only to Commercial Code section 3501 in support of the second. Again, he fails to sufficiently develop these arguments. In any event, Jean-Baptiste's reliance on Commercial Code section 3501 is misplaced, as the "Commercial Code simply does not govern the creation of a real estate mortgage." (*Lovelady v. Bryson Escrow, Inc.* (1994) 27 Cal.App.4th 25, 29.) We therefore conclude that substantial evidence supports the conclusion that the promissory note and deed of trust Jean-Baptiste executed in favor of Ameris Bank are valid and enforceable.

D. *The Trial Court Did Not Act in Excess of Its Jurisdiction*

Jean-Baptiste also contends that the trial court exceeded its jurisdiction by entering an order restraining him from preparing, disseminating, or recording without prior approval of the trial court any document that seeks to impair, extinguish, or nullify the loan documents Jean-Baptiste executed in favor of Ameris Bank. We reject this contention.

As a threshold matter, it is important to distinguish between the two types of jurisdictional errors. First, " '[l]ack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the

13

parties.' " (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660.)  Second, a court may lack " 'jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites.' " (*Id.* at p. 661.) Fundamental subject matter jurisdiction cannot be waived or forfeited. (*People v. Tindall* (2000) 24 Cal.4th 767, 776, fn. 6.)  "In contrast, a court's act in excess of its jurisdiction is valid until set aside, and a party may be precluded from setting it aside, due to waiver, estoppel or the passage of time."  (*Ibid.*)

Jean-Baptiste does not appear to contest that the trial court had personal and subject matter jurisdiction over him, but rather he argues that the court exceeded its jurisdiction in granting the injunction against him. Ameris Bank points out that Jean-Baptiste raises this argument for the first time on appeal.  To the extent Jean-Baptiste may have forfeited his argument by failing to present it to the trial court, we nevertheless exercise our discretion to briefly address the issue, as it involves undisputed facts.  (*City of San Diego v. Boggess* (2013) 216 Cal.App.4th 1494, 1503.)

Where, as here, the trial court grants a permanent injunction, we will not disturb its decision to do so absent a showing of a clear abuse of discretion.  (*Thompson v. 10,000 RV Sales, Inc.* (2005) 130 Cal.App.4th 950, 964.)  Although we must ensure the trial court's exercise of discretion is supported by substantial evidence, we resolve all factual conflicts and questions of credibility in favor of Ameris Bank and "indulge all reasonable inferences to support the trial court's order."  (*Horsford v. Board of Trustees of California State University* (2005) 132 Cal.App.4th 359, 390.)

We conclude that the trial court properly exercised its broad discretion in enjoining Jean-Baptiste from attempting to disseminate, publicize, or

14

record without the prior approval of the trial court any documents that might impair or nullify the loan documents he entered into with Ameris Bank. A permanent injunction may be granted in various circumstances, including where it appears from "the complaint that the plaintiff is entitled to the relief demanded, and the relief, or any part thereof, consists in restraining the commission or continuance of the act complained of, either for a limited period or perpetually" and where "pecuniary compensation would not afford adequate relief." (Code Civ. Proc., § 526, subds. (a)(1), (a)(4).)

Ameris Bank proved at trial that it was entitled to the requested declaratory relief, Jean-Baptiste's prior conduct could harm Ameris Bank, it was likely this conduct would continue in the future, and the potential harm could not be cured by monetary relief. First, the bank established that Jean-Baptiste previously recorded a UCC-1 Financing Statement with the California Secretary of State on behalf of himself, as "creditor," against himself, as "debtor," purporting to release "all of debtor's assets[,] including . . . any land[ ] and personal property" as collateral for the creditor's (Jean-Baptiste) benefit. Second, the bank established that Jean-Baptiste also recorded an instrument titled "Notice of Acceptance and Acknowledgment of Contract, Interest, and Deed" in North Carolina. The document asserted that Jean-Baptiste was the "Beneficial Interest Holder" of Ameris Bank's first position deed of trust and purported to transfer Jean-Baptiste's ownership interest in the Property to the Traci Lynn Southerland Living Trust.

Title expert witness Bradley H. testified that if Jean-Baptiste recorded these or similar documents in San Diego County, they could adversely affect the marketability of the bank's first position deed of trust against the Property, which was the only collateral it received in exchange for its $531,222 loan to Jean-Baptiste. This evidence supports the trial court's

exercise of discretion based on Jean-Baptiste's prior conduct. (See *AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.* (2018) 28 Cal.App.5th 923, 952.)

Jean-Baptiste, on the other hand, presented no evidence to the trial court to rebut Ameris Bank's showing that it was entitled to the requested relief or to demonstrate either that non-injunctive relief could suffice as a remedy or Jean-Baptiste would be harmed as a result of the injunctive relief. We therefore reject any argument by Jean-Baptiste that the injunction was in excess of the trial court's jurisdiction.

E. *Defendant Has Forfeited His Remaining Contentions*

Jean-Baptiste also contends that Ameris Bank violated the FDCPA, TILA, FCRA, and various provisions of the Commercial Code, that he is entitled to rescission of the note and deed of trust he executed with Ameris Bank, and that his due process rights were violated. We decline to reach the merits of these arguments because Jean-Baptiste has forfeited them.[1]

As Ameris Bank points out, Jean-Baptiste failed to assert, much less present evidence in support of, any of these alleged violations or claim for rescission at trial. To the contrary, he declined to rebut any of Ameris Bank's evidence or present his own affirmative case. He called no witnesses and stated several times that he did not want to testify, instead repeatedly asking the trial judge, "How may I settle this matter today?" Jean-Baptiste twice stated: "I will not argue any facts, law, jurisdiction or venue in this case." He then asked the trial judge: "Your Honor, does the record reflect that I'm

---

[1] Jean-Baptiste also raises several additional arguments for the first time in his reply brief without a showing of good cause. Each of these new arguments has therefore also been forfeited. (*Hurley v. Department of Parks & Recreation* (2018) 20 Cal.App.5th 634, 648, fn. 10.)

16

not arguing any facts, law, jurisdiction or venue in this case?" He thus declined to present any evidence at all during trial.

Nor did Jean-Baptiste plead any of the alleged violations or his request for rescission as cross-claims or affirmative defenses. Indeed, it does not appear from the register of actions that Jean-Baptiste filed an answer to Ameris Bank's complaint. If he did, it is not in the record. "[T]he appellant 'has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Blue Mountain Enterprises, LLC. v. Owen* (2022) 74 Cal.App.5th 537, 557.) In short, Jean-Baptiste did not properly present his new arguments to the trial court, so we reject them as forfeited. (See *City of San Diego v. D.R. Horton San Diego Holding Co., Inc.* (2005) 126 Cal.App.4th 668, 685 (*D.R. Horton*) [contentions or theories raised for the first time on appeal are not entitled to consideration].)

Although arguments raised for the first time on appeal may be considered where the appellant presents a question of law on undisputed facts, this exception to the rule does not apply here. (See *McDonald's Corp. v. Board of Supervisors* (1998) 63 Cal.App.4th 612, 618.) In support of his claims on appeal, Jean-Baptiste asserts several disputed facts not previously alleged, including that he did not submit a loan application to Ameris Bank, that Ameris Bank improperly required him to purchase insurance in violation of the TILA and failed to disclose certain required material facts in violation of the TILA and the FDCPA, and that the original promissory note was "stolen, converted to a 'draft' with unauthorized signatures[,] and

17

negotiated." He also relies on two exhibits not admitted into evidence at trial.[2]

Documents and facts not presented to the trial court generally cannot be considered on appeal. (*Pulver v. Avco Fin. Servs.* (1986) 182 Cal.App.3d 622, 632.) And a respondent should not be required to defend against a new theory on appeal where it "contemplates a factual situation the consequences of which are open to controversy and were not put in issue or presented at the trial." (*Strasberg v. Odyssey Group* (1996) 51 Cal.App.4th 906, 920, internal quotations omitted.) We therefore decline to consider the facts and documents Jean-Baptiste now relies on that were not properly presented below.

Jean-Baptiste also contends that Ameris Bank's refusal to allow him the opportunity to examine the original loan documents, rather than certified copies, amounts to a denial of due process. We decline to reach the merits of this argument because Jean-Baptiste makes only conclusory statements in support of his contention and fails to properly develop it. (*United Grand*, *supra*, 36 Cal.App.5th at p. 153 [appellate courts may disregard conclusory arguments not sufficiently developed].) His citations to the record demonstrate only that he objected to the admission of certain evidence at trial—they do not provide any factual support that could substantiate his claim. Nor does he provide any legal authority in support of his argument, instead citing only a Federal Rule of Civil Procedure inapplicable here and

---

[2] Exhibits 22 and 26 are the subject of objections and a motion to strike filed by Ameris Bank. We overrule the objections and deny the motion to strike, as Jean-Baptiste is correct that, to the extent they were *lodged* with the trial court, the documents are "deemed part of the record" pursuant to California Rules of Court, rule 8.122(a)(3). However, as noted, we decline to consider the exhibits because they were not admitted into evidence at trial.

federal case law that stands for basic propositions regarding due process. We therefore disregard his due process argument as well.

## II

Jean-Baptiste also contends that the trial court erred in granting Ameris Bank's motion for attorneys' fees in the amount of $112,390 and costs in the amount of $4,812.46. We again reject his contention because he has forfeited it and it is without merit. We therefore affirm the order.

Trial courts have broad discretion to determine what constitutes a reasonable award of attorneys' fees. We will not disturb an award of fees and costs unless we find that the trial court has abused its discretion. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.)

Jean-Baptiste's briefing does not substantiate the claim that there has been any such abuse here. He instead merely repeats his argument from his appeal of the judgment—namely, that Ameris Bank has not proven itself as the holder of the promissory note. We reject this contention for two reasons. First, Jean-Baptiste did not raise this argument in opposition to Ameris Bank's motion for fees and costs below. He has therefore forfeited it. (*D.R. Horton*, *supra*, 126 Cal.App.4th at p. 685.) Second, even if we were to consider the argument on the merits, we have already determined that substantial evidence supports the trial court's finding that the note and deed of trust Jean-Baptiste executed in favor of Ameris Bank are valid and enforceable. Jean-Baptiste does not dispute that the promissory note and deed of trust contained provisions authorizing recovery of attorneys' fees, nor does he contest the amount of the fees awarded. The trial court acted well within its discretion in granting Ameris Bank its reasonable fees and costs after granting judgment in its favor.

19

DISPOSITION

The judgment and order are affirmed.  Ameris Bank is awarded its costs on both appeals.


                                        BUCHANAN, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.